# Latshaw, Appellant, *v.* Latshaw.

*Divorce—Collusion—Husband and wife.*

Marriage is a civil contract. But it is more. It is an institution of the state. As a contract it may not be canceled or rescinded save for grave reasons and by means of the intervention of the courts. If it appear that the application for its annulment is simply that the parties may be freed and separated from each other, or that the libel is not founded upon motives of sincerity and truth, but demanded for light reason, or in a manner smacking of collusion, the decree must be invariably refused.

A divorce is properly refused a libellant where she testifies that after separation and before bringing suit she met her husband on the street and told him that she was going to get a divorce for nonsupport and abuse, that he agreed thereto and to make no defense.

Submitted Nov. 2, 1901.   Appeal, No. 215, Oct. T., 1901, by defendant, from decree of C. P. McKean Co., Dec. T., 1900, dismissing libel in divorce in suit of Mary E. Latshaw v. Guy Latshaw.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Libel in divorce.

From the record it appeared that MORRISON, J., dismissed the libel because it appeared from the libellant's own testimony that she had an agreement with her husband that he would make no defense, and that she should proceed with the suit. The material portion of this testimony is quoted in the opinion of the Superior Court.

*Error assigned* was decree dismissing the libel.

*Mullin & Mullin,* for appellant.—Passive acquiescence or even avowed approval by the defendant in the prosecution by the plaintiff of divorce proceedings do not necessarily indicate collusion: Snow v. Gould, 74 Maine, 540; McCarthy v. McCarthy, 36 Conn. 177.

No paper-book filed or appearance entered for appellee.

OPINION BY WILLIAM W. PORTER, December 2, 1901:
The act of March 13, 1815, requires the libel in divorce to

be exhibited on oath or affirmation of the party that the facts set forth therein are true to the best of the libellant's knowledge and belief and that the complaint is not made out of levity or by collusion between the said husband and wife, or for the mere purpose of being freed and separated from each other, but in sincerity and truth for the causes mentioned in the said petition or libel. Without such affidavit the libel is fatally defective: Hoffman v. Hoffman, 30 Pa. 417. In the case cited, Mr. Justice THOMPSON uses language which is substantially adopted by Mr. Justice SHARSWOOD in Kilborn v. Field, 78 Pa. 194, as follows: "Causes for divorce being recognized by law, we are to take it that the true philosophy of life, the ends of justice, and the interests of society, are best promoted by allowing the dissolution for such recognized causes. Courts, however, ought to be careful to see that all the requirements of the law, in such proceedings, be complied with both as to form and substance, so that divorces may never be obtained through levity or collusion." To the libel in the present case the necessary affidavit is appended. The evidence adduced must be found to conform to its allegations. Upon the basis of the proofs submitted by the libellant (in the absence of the defendant) the court below has refused a decree on the ground that there was an agreement or collusion between the parties. The libellant, when on the stand, testifies in answer to questions put by the court, that after the separation from her husband, she met him upon the street and told him of her intention to apply for a divorce. The court asked: "Did you have any agreement with him that you would get it?" To which she replied: "Yes, sir, I told him I was going to get it on nonsupport and abuse. Q. What did he say? A. All right. Q. Did he furnish you any money? A. No, sir. Q. Did he agree before you brought the proceedings that he wouldn't make any defense? A. Yes, sir. . . . Q. He said he would not make any objection? A. He said I could go ahead and get it."

True it is that marriage is a civil contract. But it is more. It is an institution of the state. As a contract it may not be canceled or rescinded save for grave reasons and by means of the intervention of the courts. If it appear that the purpose of the application for its annulment is simply that the parties

may be freed and separated from each other, or that the libel is not founded upon motives of sincerity and truth, but demanded for light reason, or in a manner smacking of collusion, the decree must be invariably refused.    On the testimony of the libellant herself, as it appears in the printed book before us, we find sufficient to support the action of the court below, whose order is now affirmed.