## Karras, Appellants, v. Karras.

*Divorce—Desertion—Evidence—Collusion—Dismissal of libel.*

If it appear that the purpose of an application for divorce is simply that the parties may be freed and separated from each other, or that the libel is not founded upon motives of sincerity and truth but demanded for light reason, or in a manner smacking of collusion, the decree must invariably be refused.

In an action of divorce on the ground of desertion, the libel is properly dismissed, where it appears that the respondent was in fact instituting the action against himself, selected the attorney who was to have charge of the case against him and engaged to pay all the expenses and a fixed sum to the libellant when the divorce was secured.

Argued October 10, 1922. Appeal, No. 74, Oct. T., 1922, by libellant, from order of C. P. No. 3, Phila. Co.,

June T., 1920, No. 1045, approving Master's Report and dismissing the libel in the case of Bessie Karras v. Israel Karras. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Libel in divorce. Before FINLETTER, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to G. Lawrence Pape, Esq., master, who recommended that the libel be dismissed on account of collusion between the parties. On exceptions to master's report the court dismissed the libel. Libellant appealed.

*Error assigned* was the decree of the court.

*Jos. K. Willing,* of *Sterling & Willing,* for appellant.

No appearance and no printed brief for appellee.

OPINION BY TREXLER, J., December 14, 1922:

The parties were married October 1, 1917, and the desertion, which is the basis of this action of divorce, is said to have occurred October 25, 1917. The lower court concurred in the recommendation of the master that the divorce should be refused. The portion of the testimony which we quote justifies the conclusion which they reached: "Q. Had you ever considered instituting an action for divorce before this lawyer from Boston saw you? A. No. Q. Did you start this action because the lawyer asked you to? A. Yes. Q. He said he was your husband's lawyer? A. Yes. Q. What did he tell you? A. He told me nothing. He came to see if I wanted a divorce or not, and I said, 'I want a divorce.' Q. What did he tell you to do? A. He told me to try to get a divorce. Q. What did you do? A. I tried. Q. That day? That same day? A. The same day. Q. What did you do that day? A. He gave me the address of Mr.

Sterling. Q. You went up to Mr. Sterling and said you wanted to get a divorce? [It does not appear in the testimony that Mr. Sterling knew that his client was sent to him by her husband's lawyer.] Q. Has he given you any money? A. Support money. Q. How much? A. $200. Q. When is he to give it? A. When I get the divorce then I get the money. Q. Did he pay you any money for expenses? A. He said he would pay all the money."

Without discussing the meaning of the word collusion, upon which the appellant has furnished an elaborate brief, we feel safe in saying that under present laws, this court should never sanction the granting of a divorce when it appears that the respondent is in fact instituting the action against himself, is selecting the attorney who is to have charge of the case against him, and engages to pay all the expenses, and a fixed sum to the libellant when the divorce is secured. When all these facts are considered, we have no hesitancy in coming to the conclusion that the divorce should be refused. The libel alleges desertion; the respondent in his answer denies it. He thus is playing fast and loose with the court. Having caused the suit to be brought, the successful outcome of which depends upon the proof of his desertion, he declares, under oath, that the desertion never occurred, and the libellant lends her aid to the scheme and is a beneficiary under it. "The libellant can no more buy the release or default of the respondent, than a defendant in a criminal prosecution can buy off the prosecutor and compound a felony": Kilborn v. Field, 78 Pa. 194; and by the same token neither can the respondent, who is said to have furnished by his acts the grounds for the divorce, reap the benefit of his own wrong by suing himself and furnishing the instrumentalities required in the conduct of the suit. The courts will not lend their aid to any such contrivance. In Latshaw v. Latshaw, 18 Pa. Superior Ct. 465, where, after a separation and before suit brought, the husband agreed

not to defend the action, the divorce was refused and this court took occasion to state that, "If it appear that the purpose of the application......is simply that the parties may be freed and separated from each other, or that the libel is not founded upon motives of sincerity and truth, but demanded for light reason, or in a manner smacking of collusion, the decree must be invariably refused," and to the same effect is Micheals v. Micheals, 65 Pa. Superior Ct. 464.

The assignments are overruled, and the decree affirmed at the cost of the appellant.