## Kellner v. Kellner

*William Ginsburg*, for libellant.
*Daniel Marcu*, for respondent.

CRUMLISH, J., February 2, 1940.—This matter is before us on respondent's petition for a rule to show cause "why libellant should not proceed with the action and why the final decree in divorce should not be entered". He alleges that the master has filed a report recommending that a divorce decree in favor of the wife be granted; that said report has been approved by this court, and that libellant has taken no further steps in the matter. He further alleges that there is no order for support outstanding against him and in favor of libellant which would be prejudiced by the entry of a final decree in divorce; *and that he is desirous of having the divorce action terminated.*

The libellant has filed an answer admitting that there is presently no order for support outstanding against petitioner and in her favor; that there is, however, an order for the support of a minor child of the marriage which is in arrears, and which arrearages cause her great injustice and undue hardship; *and that presently she does not desire the issuance of a final decree in divorce.*

The question involved may be stated thus: Where a libellant is apparently entitled to apply for a favorable decree of divorce but is unwilling to do so, may the respondent compel the entry of such a decree?

In answering this question, certain well-known principles must be kept in mind.

" 'Whether the marital contract shall be severed is the gravest of questions, not alone to the parties, but to the state, for the social structure rests upon it' ": Huston v. Huston, 130 Pa. Superior Ct. 501, 504 (1938) ; Middleton v. Middleton, 187 Pa. 612, 615 (1898).

". . . the marriage relation should be surrounded with every safeguard and its severance allowed only in the manner prescribed and for the causes specified by law": 19 C. J. sec. 18, p. 20.

" 'The commonwealth is always the unnamed third party to the proceeding' ": English v. English, 19 Pa. Superior Ct. 586, 598 (1902).

Petitioner takes the position that he is desirous of having the divorce action terminated, and argues in support thereof that the entry of a final decree, even though contrary to libellant's wishes, would result in no hardship to her; and further, that considerable embarrassment and hardship has resulted to him by reason of the uncertain status of the divorce proceedings. We can find no authority to support petitioner's position. On the other hand, a divorce will not be simply granted so that the parties may be freed and separated from each other: Latshaw v. Latshaw, 18 Pa. Superior Ct. 465, 467 (1901) ; and as stated in English v. English, supra, "divorces are granted on public grounds and not to suit the mere desires of the parties." Nor are we satisfied that such a decree would not be a hardship upon libellant. It would tend to interfere with her right to a voluntary dismissal of the action: Wurst v. Wurst, 14 Dist. R. 682 (1905) ; Koecker v. Koecker, 7 Phila. 364, 369 (1870).

Finally, we observe that the record in this case indicates that petitioner, in violation of the marriage vow, deserted libellant and had persisted in such conduct for and beyond the statutory period of two years. Obviously, he is a wrongdoer and not an "innocent and injured spouse" entitled to a divorce under The Divorce Law of

May 2, 1929, P. L. 1237, sec. 10, 23 PS §10. The practical result of compelling the entry of a final decree in this cause would be to grant the relief to an erring spouse which the legislature has said can only be granted to an "innocent and injured" one. Petitioner seeks to benefit by his own wrong doings; the courts will not lend their aid to any such contrivance: Karras v. Karras, 80 Pa. Superior Ct. 173, 175 (1922). See also Seltzer v. Seltzer, 49 Pa. C. C. 244 (1920), and Brandt v. Brandt, 49 Pa. C. C. 247 (1920).

Accordingly, the question involved must be answered in the negative and the rule is discharged.