## Lukasitis v. Lukasitis

*D. M. Garrahan,* for libellant.

HELFRICH, J., June 5, 1944.—Libellant seeks a divorce upon alleged grounds of cruel and barbarous treatment and indignities to the person. The learned master has recommended a decree in divorce upon both grounds. Without, at this time, discussing the substantive facts, we fail to find in the record any factual basis whatsoever tending to a conclusion of the existence of cruel and barbarous treatment.

We note that after marriage the parties to this cause took up residence at 435 Oak Street, Allentown, Pa., formerly the residence of respondent, and continued to reside together there until August 30, 1943, when libellant withdrew from their common habitation. Since then libellant has lived at 742 North 7th Street, while respondent continued to reside at their former common domicile. We note that the subpœna in divorce was served upon respondent at this residence, but the following procedural notices of master's hearing and of filing of master's report were served upon her at 603 North 7th Street, Allentown, Pa. The record, we hope not by design, in nowise discloses the location of libellant's business, but general local knowledge and reference to the city directory discloses that he is, and for a considerable number of years has been, a wholesale fruit dealer, located at 603 North 7th Street, Allentown, Pa.

While perfectly justifiable reasons for respondent's presence at libellant's place of business during the course of the business day may exist, we fail to understand why this should be so after separation and the inauguration of divorce proceedings, particularly in view of libellant's accusations of her continued intoxi-

cation and otherwise improper conduct toward himself and his customers at his establishment. Since collusive arrangements, or the possibility of their existence, should be carefully investigated: Latshaw v. Latshaw, 18 Pa. Superior Ct. 465; Micheals v. Micheals, 65 Pa. Superior Ct. 464; Dunlap v. Dunlap, 97 Pa. Superior Ct. 405; Nace v. Nace, 13 Leh. 368; we are recommitting this case to the master for the purpose of procuring the attendance and examination of respondent at a further hearing or hearings, to confirm or dispel the inferences arising from the present state of the record.

We cannot permit this opportunity to pass without calling attention to masters in this and other cases, present or future, that their duties in divorce cases are positive, and must be fully performed both for their own information and for the guidance of the court.