HENRIETTA MATTSON

*v.*

JAMES M. MATTSON.

[Decided December 31st, 1915.]

If a petitioner for divorce does not enter a final decree upon becoming entitled thereto by reason of no cause being shown why the decree *nisi* should not be made absolute, a defendant may, by motion on notice, compel the petitioner to enter such final decree or suffer the decree *nisi* to be opened and the petition dismissed.

*Mr. Edward Oakes,* for the petitioner.

*Messrs. Melosh & Morten,* for the defendant.

GRIFFIN, V. C.

A decree *nisi* in favor of the petitioner against the defendant in the above cause was signed June 6th, 1913, in an action for divorce on the ground of desertion. Since that time the petitioner has declined to enter the decree absolute in her favor; whereupon the defendant's solicitor gave notice of a motion to compel the petitioner "either to take a final decree or else to discontinue the above-entitled action." More than two years have elapsed since the petitioner became entitled to enter her absolute decree upon the decree *nisi.*

I will advise an order that the decree *nisi* be opened and the petition dismissed, unless within thirty days from the date of the order the petitioner enters her decree absolute. *Lewis* v. *Lewis (1892), L. R. P. & D. Div. 212; Boddington* v. *Boddington (1881), L. R. 6 P. & D. Div. 13; Ousey* v. *Ousey (1875–6), L. R. 1 P. & D. Div. 58.*

Counsel may present an order in accordance with the above views at the chancery chambers, in the city of Jersey City, on Monday, January 3d next.