EDWIN N. HOPSON, JR., petitioner,

*v.*

MILDRED W. HOPSON, defendant.

[Decided January 3d, 1924.]

1. Alimony is the support or living expenses of the wife, as dis-tinguished from the allowance of counsel fee or provision for extra-ordinary expenses of suit.

2. A wife in a divorce suit is more favored in the matter of counsel fee than when she seeks alimony.

3. A refusal of alimony *pendente lite* is no bar to the allowance of counsel fees.

On petition, &c.

*Mr. William I. Lewis,* for the petitioner.

*Mr. Alfred F. Skinner,* for the defendant.

BENTLEY, V. C.

On the final hearing it was represented by the defendant's counsel that he and his adversary had agreed that he should not apply for alimony or counsel fee prior thereto and that his right to make such application was to be preserved until the final hearing or some subsequent occasion. Why such an

unusual course was pursued I am at a loss to understand. However, after the hearing and upon the application for the signing of the decree defendant's counsel availed himself of the opportunity to present the matter so deferred, and I disposed of everything at that time except his right to a counsel fee. Some confusion has been caused by a more or less loose meaning applied to the term "alimony." Wherever I use that word I have in mind the support or living expenses of the wife, as distinguished from the allowance for counsel fee and the provision frequently made for extraordinary expenses of the suit.

The difference between counsel was as to whether or not the wife, having been unsuccessful, was entitled to any counsel fee allowance. It was agreed that the entire motion should be viewed in the light of the determination of the case; or, in other words, as if it would have been made to appear to the court had the application been made in the ordinary course that the wife would probably not be successful. That, as well as other reasons, precluded any allowance for the wife's support; but it seems to me that the question of counsel fee or suit-money stands upon a very different footing.

It must be common knowledge among the bar that the wife in a divorce suit from the bonds of matrimony is even more favored in the matter of counsel fee than when she seeks alimony, and for perfectly apparent and sound reasons. At most, it must be confessed that even in the light of the most abundant *ex parte* proofs the opportunity to weigh the eventual rights of the parties is far less than after the assistance of final hearing, and while in a doubtful case no irremediable harm is done by a refusal of alimony it would be a most grievous and irreparable injury were a mistake to be made in withholding counsel fee so that the unfortunate woman would be barred from an opportunity to properly present her case.

"Equality is equity."

Bishop, in his work on *Marriage, Divorce* and *Separation,* volume 2, section 976, says:

"Natural justice and the policy of the law alike demand that in any litigation between husband and wife they shall have equal facilities for presenting their case before the tribunal. This requires that they shall have equal command of funds. So that if she is without means, the law having vested the acquisition of the two in him, he should be compelled to furnish them to her, to an extent rendering her his equal in the suit.

And again in section 992:

"It would be a disgrace to the law and a grievous offence against justice if after a woman had given her person and property in marriage to a man with whom afterwards a litigation arose as to the conduct of either in the new relation, or as to the validity of the marriage itself, she must sustain her prosecution or defense without the money essential thereto, and with no possible access to the fund which she had contributed to accumulate. Hence, the doctrine and practice of suit-money."

Prior to the passage of the Married Woman's act the allowance of alimony was sometimes placed upon the footing that her property had passed into the dominion of her husband upon coverture and that, therefore, it was only just that out of the same he should make her an allowance *pendente lite.* This does not weaken the force of what has just been said, and in the recent case of *Oram* v. *Oram,* to be mentioned presently, the matter was investigated, of course, long after the statute had stripped the husband of his absolute dominion over the wife's setate.

Counsel for the petitioner has cited in his brief many cases of sister jurisdictions; but no assistance, obviously, can be obtained therefrom, as pointed out by the above author in section 974. The only authority cited in this court is *Main* v. *Main, 50 N. J. Eq. 712,* where Vice-Chancellor Green (at *p. 717*) said:

"I will advise the allowance of an additional counsel fee of $50. I will advise an order for the payment of alimony *pendente lite* to cover the following amounts: Hotel expenses, $17,86; traveling expenses, $20.43 and $5.50, aggregating $43.79; and an additional counsel fee of $50."

From this is it argued that there can be no distinction between the circumstances under which alimony for the support of the wife *pendente lite* may be ordered, and, on the

other hand, the giving of counsel fee; but it must be evident from a reading of the second sentence in connection with the first just quoted, that the vice-chancellor was not dealing with alimony in the ordinary sense, but with the allied and entirely distinct items of suit-money. An examination of the whole opinion will disclose that alimony *pendente lite,* in the ordinary acceptation of the meaning of that phrase, was not under consideration and was not allowed, although counsel fee was.

On the other hand, Chancellor Williamson, in the case of *Anthony* v. *Anthony, 11 N. J. Eq. 70,* allowed counsel fee, although the circumstances of the proofs were such that he refused any allowance for the wife for her support. In the case of *Oram* v. *Oram, 77 N. J. Eq. 1,* Vice-Chancellor Emery dealt with the subject under examination here, and at page 6 distinctly ruled that the refusal of alimony *pendente lite* presented in itself no bar to counsel fee; and in that case, as in the *Anthony Case,* temporary alimony was refused and counsel fee allowed. Indeed, Mr. Biddle has pointed out, in his *New Jersey Divorce Practice (2d ed.) 170,* not only the above rule, but cited the case of *Clare* v. *Clare, 19 N. J. Eq. 37,* where (at *p. 41*) Chancellor Zabriskie made an allowance for counsel fee to the unsuccessful petitioning wife.

In the present case the husband was the petitioner. He had brought his wife into this court to litigate. She answered his petition, denied the desertion and filed her counter-claim, alleging that the desertion was not hers, but the petitioner's. The case, as it would have been presented to me, had an application for counsel fee been made in the regular course, would not only have presented a probability that the wife might succeed in her defense and on her counter-claim, but even after final hearing it was not until I had gone carefully over a transcript of the proofs that I was able to make up my mind that she was the deserting party. Under these circumstances, and viewing the case from the proofs that would have been submitted to me under the circumstances I have referred to, it is indubitable that a counsel fee would have been ordered.

Considering the station in life of the parties, the fact that the petitioner is a successful professional man, admittedly in receipt of a large annual income, the standing of defendant's counsel, and the long and hard-fought contest, I will advise that the petitioner pay a counsel fee of $500.

Since filing this opinion the chancellor has called my attention to his opinion in *Verbeeck* v. *Verbeeck, 93 N. J. Eq. 17,* in which he held (at *p. 20*) that the matter of costs in a divorce suit is *sui juris,* and clearly indicated that the broadest principles of justice should be applied for the purpose of giving a defendant wife who denies wrong-doing every reasonable opportunity to present her defense. In that opinion the chancellor based his conclusions, in part, so far as this phase of the case is concerned, upon *Oram* v. *Oram* and *Main* v. *Main, supra,* as well as the quotation from *Bish.* § *992,* appearing above.

In addition, it is provided by the sixth section of the Chancery act of 1915, that the court may charge even the successful party with costs, or a reasonable counsel fee, or both, "in any case in which the court shall deem it just to do so."