6 N.J. Super. 384 (1950)
71 A.2d 380
ELIZABETH R. FERRARI, PLAINTIFF-RESPONDENT,
v.
ERNEST C. FERRARI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1950.
Decided February 14, 1950.
*385 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Salvatore Viviano argued the cause for the appellant (Mr. Ambrose J. Peraino, attorney).
Mr. Julius L. Malkin argued the cause for the respondent (Messrs. Malkin & Malkin, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
In February, 1949, the plaintiff Elizabeth R. Ferrari filed her complaint for divorce on the ground of desertion. The defendant failed to file any answer and on June 20, 1949, after hearing, judgment nisi was entered finding the defendant guilty of willful, continued and obstinate desertion and adjudging that the parties be divorced unless sufficient cause be shown why the judgment should not be made absolute within three months from the date thereof. *386 The judgment nisi also directed the defendant to pay the sum of $35 a week for the plaintiff's support and maintenance and a counsel fee of $350.
On September 16, 1949, the plaintiff applied for an order vacating the judgment nisi and dismissing her complaint. The defendant sought to oppose the dismissal but the lower Court ruled that he had no standing and granted the plaintiff's application. On September 20, 1949, a judgment of dismissal was entered and the defendant filed a notice of appeal therefrom. In support of his appeal he asserts that he should have been permitted to establish before the lower Court that the plaintiff was not acting in good faith and that her application for dismissal should have been denied.
In McLaughlin v. McLaughlin, 44 R.I. 429, 117 A. 649 (Sup. Ct. 1922), the Court, after referring to the strong State policy which favors the continuance of marriage and disfavors divorce, reaffirmed the rule "that it is error to enter a final decree for divorce against the wish of a petitioner in whose favor a decision has been given." Within this rule allegations that the plaintiff is acting in bad faith or with ulterior motives have been held insufficient to bar her voluntary dismissal of her action before final judgment. See Nicolai v. Nicolai, 283 Mass. 241, 186 N.E. 240 (Sup. Jud. Ct. 1933); Sheffer v. Sheffer, 316 Mass. 575, 56 N.E.2d 13 (Sup. Jud. Ct. 1944); Vinyard v. Vinyard, 43 Del. 422, 48 A.2d 497 (Super. Ct. 1946); Di Meglio v. Di Meglio, ___ R.I. ___, 66 A.2d 430 (Sup. Ct. 1949). And the fact that, as an incident to the proceeding, the defendant has made payments pursuant to judgment nisi has likewise been held to be of no significance. See Sheffer v. Sheffer, supra.
The defendant refers to Rule 3:87-5 which provides that the judgment nisi shall become final at the expiration of three months unless, before the expiration of that time, the Court "for sufficient cause" upon its own motion, or upon the application of any party, whether interested or not, otherwise orders. It seems clear to use that this Rule, which merely followed R.S. 2:50-30, was not intended to alter the long standing practice in our State which permitted the petitioner *387 in a divorce proceeding, where no answer had been filed, to "dismiss the suit at any time up to the entry of the final decree." Child, New Jersey Divorce (1929), p. 216. Cf. Rule 3:41-1. Admittedly, the marriage relation between the parties existed notwithstanding the judgment nisi (Sobel v. Sobel, 99 N.J. Eq. 376, 378 (E. & A. 1926)), and the State's policy in favor of the continuance of the marriage still applied. Under the circumstances the plaintiff's timely request for the dismissal of her action constituted sufficient cause within Rule 3:87-5 and the defendant was in no position to oppose it. It may be noted that the Massachusetts and Delaware statutes passed upon in the Sheffer and Vinyard cases contained substantially the identical pertinent language embodied in Rule 3:87-5.
We are satisfied that the action of the lower Court in dismissing the complaint on the plaintiff's application was proper and did not in any wise prejudice the defendant.
Appeal dismissed.