22 N.J. Super. 326 (1952)
92 A.2d 45
MARY PATRICIA SHEEHAN, PLAINTIFF-APPELLEE,
v.
DANIEL C. SHEEHAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 14, 1952.
Decided October 23, 1952.
*327 Before Judges McGEEHAN, BIGELOW and SMALLEY.
Mr. Ward Kremer argued the cause for defendant-appellant.
Mr. Abe D. Levenson argued the cause for plaintiff-appellee (Messrs. Levenson & Levenson, attorneys).
*328 PER CURIAM.
The defendant appeals from an order entered in the Superior Court, Chancery Division, dismissing the suit of the plaintiff for divorce on the ground of extreme cruelty "without prejudice, for the purpose only of permitting the plaintiff to set up as a defense against the counterclaim to be filed by the defendant, any defense the said Mary Patricia Sheehan may have by way of recrimination, and for no other purpose, and nothing herein contained shall be deemed to authorize or permit the plaintiff, Mary Patricia Sheehan, to institute an action for divorce against the defendant in this Court on the ground set forth in the complaint filed by her in this Court and verified on or about September 14, 1950 (Docket No. M-230-50)."
In September 1950 the plaintiff filed her suit for an absolute divorce on the ground of extreme cruelty. Defendant's answer denied the cruelty and the case came on for trial. Part of the testimony was taken and the case was continued to January 7, 1952. On December 27, 1951 the defendant served notice of a motion to file a counterclaim in the cause, charging plaintiff with adultery committed on December 21, 1951 and on certain other dates. On January 7, 1952 plaintiff's counsel informed the court that the plaintiff had advised him that she wished to abandon the prosecution of her suit for absolute divorce against the defendant on the ground of extreme cruelty. The plaintiff then took the stand and under questioning by her counsel testified that she concluded, of her own volition, to abandon her divorce action against the defendant. The court then questioned the plaintiff as to whether any promises or threats had been made, or consideration offered, to get her to reach the conclusion to drop the suit against her husband, and she answered that she did it all of her own volition. Defendant's counsel stated to the court that he understood the order that would be entered would "bring an end to any suit of the plaintiff for divorce against the defendant on the ground of extreme cruelty in that it would be discontinued with prejudice," and asked that the motion which was pending for permission *329 to file a counterclaim be continued for a few weeks. The court then stated: "In view of the wishes of Mrs. Sheehan, it will be dismissed with prejudice in two weeks, if the doctor hasn't made up his mind." Another hearing was held on January 28, 1952, at which the counsel for defendant insisted that an order should be entered dismissing the plaintiff's divorce suit with prejudice. The plaintiff's counsel made no objection to the dismissal of the plaintiff's divorce suit with prejudice, insofar as the bringing of any further action for divorce against the defendant on the grounds set forth in the complaint were concerned, but argued that the dismissal should be without prejudice to the urging by the plaintiff of the same grounds set forth in the dismissed complaint to prove recrimination in any suit brought by the defendant against the plaintiff on the ground of the alleged adultery.
The plaintiff's statement to the court that she desired to abandon the prosecution of her suit for absolute divorce against the defendant on the ground of extreme cruelty, occurring as it did after the trial had started and testimony had been taken, justified the action of the court in entering judgment dismissing her divorce action with prejudice to the institution of any action for divorce against the defendant in this court on the grounds set forth in the complaint filed by her. If the plaintiff knew that the husband could prove his charge of adultery against her, it is easy to understand why she decided to discontinue her suit for divorce against her husband on the ground of cruelty, because proof of her adultery would be a complete bar to her action for divorce on the ground of her husband's cruelty, even though she proved her cause of action. But proof of the same acts of cruelty as were alleged in her complaint would, under a defense of recrimination, be a bar to the granting of the divorce to the husband on the ground of adultery. Cummings v. Cummings, 109 N.J. Eq. 637 (E. & A. 1932); 11 New Jersey Practice (Herr, Marriage, Divorce and Separation), § 791.
*330 Under the circumstances, the trial court was well within its power in entering judgment which reserved to the wife the right to plead the alleged acts of cruelty as a defense by way of recrimination. Dowling v. Dowling, 93 N.J. Eq. 159 (E. & A. 1921) is not to the contrary. The action taken by the trial court has strong support in our cases such as Feickert v. Feickert, 98 N.J. Eq. 444, 448 (Ch. 1926) and Zweig v. Zweig, 12 N.J. Misc. 761, 768 (Ch. 1934), affirmed 116 N.J. Eq. 589 (E. & A. 1934), which set forth the principle that the State is a party to every suit for divorce and nullity of marriage, and it is the policy of the law that all proper defenses be made or compelled.
Judgment affirmed.