58 N.J. Super. 138 (1959)
155 A.2d 578
ANNA IOVINO, PLAINTIFF-RESPONDENT,
v.
THOMAS IOVINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 21, 1959.
Decided November 12, 1959.
*140 Before Judges CONFORD, FOLEY and SCHERER.
Mr. Hyman Halpern argued the cause for defendant-appellant.
No appearance was made, nor any brief filed, for plaintiff-respondent.
The opinion of the court was delivered by SCHERER, J.S.C. (temporarily assigned).
Defendant Thomas Iovino appeals from an order entered by the Chancery Division on January 26, 1959, vacating a judgment nisi dated October 8, 1958, dismissing without prejudice the divorce complaint upon which the judgment was entered, but requiring the payment of the counsel fee awarded to the plaintiff in that judgment. The notice of motion to vacate was made December 12, 1958, prior to the date when final judgment ordinarily would have been entered. R.R. 4:98-7 provides that final judgment shall be entered by the clerk, "as of course, immediately upon the expiration of 3 months from the entry of the judgment nisi, unless that judgment be appealed from or proceedings for review are pending, or the court, before the expiration of said period, for sufficient cause upon its own motion or upon the application of any party, whether interested or not, otherwise orders."
*141 This is the second suit between these parties. The plaintiff had previously instituted a maintenance action against the defendant in which she was awarded judgment on February 14, 1957. The complaint in this cause, for absolute divorce on the ground of desertion, was filed February 5, 1958. Defendant did not answer, but filed an appearance pursuant to R.R. 4:98-3, asking to be heard on the issues of custody, alimony, counsel fees and costs. The judgment nisi, entered after the usual hearing, adjudged the defendant to be guilty of desertion and awarded custody of the two infant children to the plaintiff, directing that defendant pay plaintiff the sum of $40 per week for the support and maintenance of herself and the two children. A $300 counsel fee and costs were awarded to plaintiff's counsel. It should be noted that the award of alimony to the wife and maintenance for the children did not comply with R.R. 4:98-9, which requires that the judgment set forth separately the amounts allowed for the wife and children.
The notice of motion requested only the vacating of the judgment nisi, not the dismissal of the complaint, and did not seek a vacating without prejudice. The defendant opposed the motion on three grounds: (1) that the judgment nisi should not be vacated, since he had filed an appearance and contested certain issues; (2) that the vacating of the judgment nisi should be with prejudice; and (3) that upon the vacating the provision for counsel fees contained therein should also be vacated. Only in the affidavit of the plaintiff which is annexed to the notice of motion is there any reference to a dismissal of the complaint without prejudice. The trial court granted the motion to dismiss without prejudice and, while counsel fees on the motion were denied, the counsel fee awarded by the judgment nisi was permitted to stand, in addition to which plaintiff was allowed her actual disbursements.
It is well established that the State has an interest in the marriage institution (Sobel v. Sobel, 99 N.J. Eq. 376, 378 (E. & A. 1926)) and that public policy favors a *142 continuation of marriage and a reconciliation between an estranged husband and wife. Cole v. Cole, 30 N.J. Super. 433, 438 (Ch. Div. 1954); Ferrari v. Ferrari, 6 N.J. Super. 384, 387 (App. Div. 1950); Sheehan v. Sheehan, 22 N.J. Super. 326, 330 (App. Div. 1952); Grant v. Grant, 84 N.J. Eq. 81 (Ch. 1914). It was in furtherance of this public policy that R.R. 4:94A was adopted, requiring reconciliation proceedings in certain counties.
The practice of allowing a successful plaintiff in a divorce suit to dismiss the suit and vacate a judgment nisi at any time up to the entry of final judgment has had general acceptance in this State and in most other states. 151 A.L.R. 849 et seq.; 174 A.L.R. 519 et seq. Generally, it is held that the guilty party in a divorce suit does not have the right to compel the entry of a final judgment of divorce where, after an interlocutory judgment, the successful party fails to enter the final judgment. See Pickles v. Pickles, 70 R.I. 13, 36 A.2d 110, 151 A.L.R. 847 (Sup. Ct. 1944), where the wife was permitted to dismiss her suit for divorce after the entry of a judgment nisi and before the entry of final judgment, even though there had been a counterclaim filed in the original suit. Cf. Mattson v. Mattson, 85 N.J. Eq. 454 (Ch. 1915). Some of the reasons which have been deemed "sufficient cause" for vacating a judgment nisi are collected in 12 New Jersey Practice (Herr, Marriage, Divorce and Separation), sec. 1510, pp. 596 et seq.
As to defendant's first point of appeal, we find no sound basis for making the right of the successful spouse to discontinue the action depend upon whether defendant has filed an appearance or answered. The Ferrari case, supra, relied upon by defendant for that position, does not sustain it. That decision, however, does support the general right of the successful spouse after judgment nisi to have the action abated if a timely application is made.
We do, however, agree with defendant that the dismissal should be with prejudice to the right to institute *143 another suit in the future on the same cause of action. Otherwise, plaintiff could bring suits ad infinitum, except as limited by R.R. 4:42-1(a). Where the plaintiff proceeds to try his or her cause of action on the merits and secures the entry of a judgment nisi, he or she should not be permitted, in the absence of a showing of good cause, to dismiss the suit and retain the cause of action. It seems obvious that Ferrari did not intend such a result. Good cause for entering this dismissal "without prejudice" is not shown here.
Under a statute similar to N.J.S. 2A:34-19 (which contains virtually the same provisions as R.R. 4:98-7), the Superior Court of Delaware, in Vinyard v. Vinyard, 4 Terry 422, 43 Del. 422, 48 A.2d 497 (1946), on an application to vacate a judgment nisi prior to final judgment, said, at page 501 of 48 A.2d:
"The petitioner has had determined her right to a divorce. She has now solemnly declared to the Court that she does not want a divorce. She will now be assumed to have made her final election and the dismissal of her action will accordingly be with prejudice."
See also, Boyer v. Boyer, 115 Colo. 429, 175 P.2d 92 (Sup. Ct. 1946).
The plaintiff now having elected to dismiss her action, the dismissal must be with prejudice, so that the cause of action sued upon may not be used in the institution of a subsequent suit.
In our opinion, the allowance of counsel fees in the judgment nisi should also have been dismissed. The judgment nisi was vacated in toto and the counsel fee, being part of the judgment, of necessity must also be vacated. To permit the counsel fee to remain ignores entirely the purpose for which counsel fees are allowed in matrimonial proceedings. It has been repeatedly held that in this type of suit counsel fees are allowed to enable the wife either to prosecute her suit or to defend one brought against her by her husband. Morrison v. Morrison, 122 N.J. Eq. 233 *144 (Ch. 1937); Hopson v. Hopson, 95 N.J. Eq. 540 (Ch. 1924); Oram v. Oram, 77 N.J. Eq. 1 (Ch. 1910).
The usual reason for the allowance of counsel fees and costs is therefore not present here. While the cited cases and others hold that in marital litigation the wife is a favored suitor, she may not use this position to exploit the defendant by requiring him to pay her counsel fees in a suit which she thereafter dismisses. Had the Iovinos reconciled their differences and thereupon sought a dismissal of the suit before judgment nisi, counsel fees would not have survived their reunion. Cole v. Cole, supra, overruling Morrison v. Morrison, supra, on this issue. See also, Borin v. Borin, 343 Ill. App. 649, 100 N.E.2d 333 (App. Ct. 1951); Rhein v. Rhein, 244 Minn. 260, 69 N.W.2d 657 (Sup. Ct. 1955).
We conclude that the order of January 26, 1959 should be modified to provide for the vacating of the judgment nisi, but with a dismissal of the plaintiff's complaint with prejudice, and for the disallowance of costs and counsel fees provided for in the judgment nisi. No costs on this appeal.