89 N.J. Super. 568 (1965)
215 A.2d 779
CLARA LOEB, PLAINTIFF,
v.
WILLIAM A. LOEB, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Decided December 13, 1965.
*570 Mr. Benjamin D. Braelow, attorney for plaintiff.
Mr. Nathan A. Whitfield, attorney for defendant.
CONSODINE, J.C.C. (temporarily assigned).
The problems involved in this matrimonial action are two.
Is a corespondent, who under oath contests the charge against her, entitled to a dismissal with prejudice where plaintiff at trial voluntarily dismisses the adultery count of the divorce complaint and proceeds on the extreme cruelty count to a judgment nisi?
Can a successful divorce litigant, on the eighty-fifth day of the nisi period, without any cause shown and solely because "she had changed her mind," elect to withdraw her judgment nisi granted for extreme cruelty and then seek separate maintenance on a dismissed count in adultery?
The basic pleadings in this matter are: 1) complaint for divorce on the ground of extreme cruelty; 2) answer; 3) amended complaint adding a second count for divorce on adultery; 4) counterclaim for divorce on extreme cruelty; 5) answer to amended complaint; 6) answer to counterclaim; 7) verified petition, order and verified answer of intervening correspondent to adultery count of amended complaint; 8) judgment nisi on first count of amended complaint, second count and counterclaim having been dismissed at the beginning of trial.
*571 Eighty-five days after the judgment nisi, plaintiff by substituted attorney filed an affidavit stating that she and defendant had condoned the matrimonial offenses on several occasions subsequent to the judgment nisi, and that she desired to vacate that judgment. She asked for an order to the latter effect. The court stayed the entry of final decree and then required plaintiff to make a choice that would result in a hearing on the condonation denied by defendant's affidavit, or a decision on her claimed right to vacate the nisi.
Plaintiff, by affidavits, then iterated her charge of condonation but elected to withdraw the judgment nisi for the stated reason that she had changed her mind. She maintained further willingness to defend on the counterclaim and requested amendment of the relief sought on the dismissed adultery count, from divorce to separate maintenance. She then formally moved "to amend the original and amended complaint * * * to change the cause of action from one for divorce to one for separate maintenance; and for an order vacating the judgment nisi."
Plaintiff labors under several misapprehensions. She argues that the vacation of the judgment nisi at her request and without reason places her back "in the status we were the day before the hearing and then we will defend the counterclaim." The vacation of the nisi would do no such thing. It would eliminate the first count in extreme cruelty, because the vacation, if granted, would effect a dismissal of that count, with prejudice. Iovino v. Iovino, 58 N.J. Super. 138 (App. Div. 1959).
On the adultery count the named correspondent, as alleged particeps criminis, filed a verified petition of denial and obtained an order permitting intervention. She then filed a verified answer denying the charge and prayed dismissal of the complaint as against her. On the day of trial she was properly in court and in a position adverse to plaintiff.
At the beginning of trial plaintiff dismissed the adultery count and proceeded to judgment nisi on the ground of extreme cruelty. There was a simultaneous withdrawal of the *572 counterclaim. The correspondent took no action on her pleadings.
Historically, this is a court of equity regardless of the canonical incubator in which matrimonial matters, as we know them, rested for centuries. Our jurisdiction is purely statutory. Linnekogel v. Linnekogel, 95 N.J. Eq. 265 (E. & A. 1923). We have no matrimonial or ecclesiastical common law, although we may adopt a rule of the latter in a given case. 10 N.J. Practice (Herr, Marriage, Divorce and Separation, 1963 ed.), §§ 2, 3. Without doubt we apply equitable principles which are still the heartbeat of conscience in this area, as were the rulings of the King's Chancellor in a different and broader area in other days. Rooney v. Rooney, 54 N.J. Eq. 231 (Ch. 1896).
In equity a corespondent, having filed a complete denial under oath and being then faced with a voluntary dismissal, is entitled to the benefit of that dismissal, with prejudice. An accusation that should not be easily made should not be dismissed out of hand with a right to recharge it on whim. The correspondent had a right to rely on plaintiff's expunging of a charge that was degrading, criminal and immoral. Her name besmirched by plaintiff was cleared by plaintiff. She cannot in good conscience now be again labeled the adultress. Plaintiff cannot play "ducks and drakes" in our courts with our practices to the detriment of another.
The count in adultery will be dismissed with prejudice. The nisi is not yet a final decree and may be corrected as to errors by the court of entry. It is now amended so that the dismissal is with prejudice.
Defendant dismissed his counterclaim in extreme cruelty. There being no interposition of an intervening right that dismissal is without prejudice.
Another of plaintiff's misapprehensions is that a vacation of the nisi will place her in the position she was before trial so that she can proceed by amendment of her prayer for relief on the dismissed adultery count from divorce to separate *573 maintenance. She further argues that she will then defend against the counterclaim.
She is again in error. The counterclaim died on the granting of the motion of dismissal. Even if the adultery count were dismissed without prejudice it too would have died if the nisi were vacated. And in that event it, like the counterclaim, could be the subject matter of a new action for such relief as sought therein. But neither could be resurrected to previous vitality by the vacation of the nisi. That is not only logical but it prevents constant, continued and unfinished litigation, an harassment to both courts and litigants. There must be an end.
Plaintiff charged condonation during the nisi period but elected to withdraw the charge in favor of a motion to vacate the nisi on the sole ground that she had changed her mind. The affidavits regarding condonation are part of the pleadings. The charge may be true or false. Defendant denied it. In the light of the election and her withdrawal from her position on condonation, no testimony was taken.
Would the result herein be changed if after hearing the court found that there was condonation? The judgment nisi would be vacated. Both counts of the amended complaint as well as the counterclaim would have been dismissed.
Finally, is plaintiff entitled as a matter of right to refuse the judgment nisi and direct its vacation without any cause shown during the three-month period before automatic entry of final decree?
Generally, see: Iovino v. Iovino, supra; Ferrari v. Ferrari, 6 N.J. Super. 384 (App. Div. 1950); Mattson v. Mattson, 85 N.J. Eq. 454 (Ch. 1915); R.R. 4:98-7.
The Iovino case is limited in its approach to the problem involved here. No reason of the plaintiff for vacation of the nisi is advanced in the facts stated therein. But there is no reason to believe that plaintiff did not have good cause as the opinion discusses "sufficient cause" and relies on R.R. 4:98-7, supra, quoting language equally pertinent here, viz., that final judgment shall be entered by the clerk, *574 "as of course, immediately upon the expiration of 3 months from the entry of the judgment nisi, unless * * * the court before the expiration of said period, for sufficient cause upon * * * the application of any party, whether interested or not, otherwise orders." (Emphasis added)
The Ferrari case is distinguishable on its facts and limited by its language (p. 387) to a case in which no answer has been filed.
12 N.J. Practice (Herr, Marriage, Divorce and Separation), § 1510, p. 59 (1950), discusses in detail "sufficient cause" as used in our earlier and similar rule.
In 3 Nelson, Divorce and Annulment, § 28.06, p. 129 (2d ed.), the author states:
"Entry of final decree is usually automatic on expiration of the time fixed by law after entry of the * * * decree nisi, in the absence of a showing of cause why it should not be entered." (Emphasis added)
To hold that "sufficient cause" in the rule means nothing aborts the rule and makes of its writing an empty and futile gesture. Our rules are not so written or so construed.
New Jersey is one of those states whose court first enters a judgment nisi or interlocutory decree. This is a judicial determination of the proceeding but it postpones the dissolution of the marriage relationship until the entry of the final decree. The Latin word "nisi" is commonly translated to the word "unless."
Nisi is defined as meaning unless; used in law after decree, order, etc., to indicate that it shall take permanent effect at a specified time unless cause is shown why it should not or unless it is changed by further proceedings. Webster's New World Dictionary of the American Language, College Edition, 1958. See also: Grant v. Grant, 84 N.J. Eq. 81, 84 (Ch. 1914); Sobel v. Sobel, 99 N.J. Eq. 376, 378 (E. & A. 1925).
Quite clearly a primary object of the judgment nisi is to provide a cooling-off period in which a reconciliation may be effected by the parties. Shinn v. Shinn, 148 Neb. 832, 29 *575 N.W.2d 629 (Sup. Ct. 1947). There is no other rational basis for it. And the law is rational or at least seeks to be. There are other objects too. Gabriel v. Gabriel, 86 N.J. Eq. 6 (Ch. 1916).
There is a reconciliation where the parties have become so readjusted to each other as to have fully resumed relations as man and wife with the intention that they be permanent, thus obviating the necessity or desire for termination of the marriage and making its continuance a matter of social propriety and probable success.
Reconciliation conforms to our public policy in favor of marriage. It preserves the family unit upon which our civilization subsists. Among other results it avoids the necessity of recourse to the parens patriae doctrine, at its best a poor substitute for a good family relationship. Salmon v. Salmon, 88 N.J. Super. 291, 304 (App. Div. 1965).
The vacation of a nisi without cause is in direct opposition to our rule and to one of its purposes  reconciliation. At this stage without sufficient cause shown this marriage is bankrupt. Such vacation fosters either further litigation as here, that more and more makes reconciliation, if once possible but not probable, now impossible, or it all too frequently places a purchase price of one kind or another on the continuation of the nisi and the entry of final decree. The former is clearly against public policy. Our statutory law in analogous situations demonstrates our public policy in the second regard to be the same.
Experience shows that the same evil that caused a statutory ban against common law marriages and breach of promise suits is inherent in vacation of judgments nisi without sufficient cause and as such is equally detrimental to, if not destructive of, public as well as private morality. (N.J.S.A. 37:1-10 and N.J.S. 2A:23-1.)
Correction of this potential evil (unless sufficient cause be shown) needs no legislative action. The remedy is in the rule.
It can be argued that the moving party in a matrimonial action controls the action and the relief. In the light of the *576 safeguards inherent in matrimonial cases this is clearly inaccurate. One such safeguard is the participation of the State as an unnamed party to the cause of action, Griffiths v. Griffiths, 69 N.J. Eq. 689 (Ch. 1905); Grunauer v. Grunauer, 80 N.J. Super. 531 (App. Div. 1963), with the equal duty of the court to defend the bond so as to see that a divorce is granted only if proven under the statute. Armour v. Armour, 138 N.J. Eq. 145 (E. & A. 1946).
To say that refusal to allow vacation of the nisi without sufficient cause forces the successful party to be divorced when she wants otherwise is equally inaccurate. She made her decision in that regard when she instituted suit for divorce. She reiterated that decision from time to time in the intermediate steps in her suit. She made her decision conclusive and final, except for sufficient cause shown under the rule, supra, by proving her case and accepting the judgment nisi. No one but herself has made the decision to be divorced. Now logically we must suspect she is here with insufficient cause unless she shows sufficient cause.
Nothing but reconciliation or other sufficient cause should now bail her out. To do otherwise is to take a path fraught with the possibilities of battery or worse, adultery, illegitimacy, foreign divorce decree, ill effect on children of the union, to mention but a few.
The order to show cause why the judgment nisi should not be vacated is dismissed. The judgment nisi on the extreme cruelty count is sustained. The judgment nisi is amended to make the dismissal of the adultery count with prejudice. The counterclaim remains dismissed without prejudice. The claim of condonation as to which the burden of proof rested on plaintiff needs no further action than the entry of an order to the effect that the claim was withdrawn. The motion "to amend the original and amended complaint  to change the cause of action from one for divorce to one for separate maintenance" and to vacate the judgment nisi is denied.
There will be no counsel fees or costs.