91 N.J. Super. 333 (1966)
220 A.2d 209
CLARA LOEB, PLAINTIFF-APPELLANT,
v.
WILLIAM A. LOEB, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1966.
Decided June 6, 1966.
*334 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Benjamin D. Braelow argued the cause for appellant.
Mr. Nathan A. Whitfield argued the cause for respondent.
PER CURIAM.
We agree with the determinations embodied in the order under appeal with one exception. We are not in accord with the holding in the Chancery Division that a plaintiff who has obtained a judgment nisi of divorce may not at will abrogate that judgment upon her signification of such intent to the court prior to the three-month period *335 specified in the statute. Loeb v. Loeb, 89 N.J. Super. 568, 573-576 (Ch. Div. 1965). The contrary is the clear import of Ferrari v. Ferrari, 6 N.J. Super. 384 (App. Div. 1950), and Iovino v. Iovino, 58 N.J. Super. 138 (App. Div. 1959). We adhere to those decisions notwithstanding some contrary out-of-state authority cited to us.
The State's interest in the maintenance of the matrimonial relationship, repeatedly stressed in our decisions as fundamental in our public policy, constitutes in and of itself the "sufficient cause" requisite under R.R. 4:98-7 to abate the judgment nisi when that step is sought by the successful party. As clearly indicated in Iovino, supra (58 N.J. Super., at p. 142), it makes no difference that defendant has filed a defensive pleading. Defendant remains free to file an action for divorce notwithstanding the vacation of plaintiff's judgment. (Defendant has not appealed from the trial court's dismissal of the counterclaim without prejudice.)
We are not in accord with plaintiff's contention that she is entitled not only to dismissal of the judgment nisi but to a ruling that this be without prejudice to her right to file an amended or new complaint for separate maintenance on the adultery count of her complaint which she chose not to prove at the trial. The rationale of Iovino precludes any such tactics. Plaintiff had an opportunity to prove her complaints of extreme cruelty and adultery. She chose to prove the one and abandon the other. Now she abjures the divorce awarded her. Although, as we have held, she has that unqualified right, plainest principles of equity and finality of litigation dictate that she should be precluded from pursuing any other matrimonial cause of action based upon any of the allegations set forth in her original or amended complaint. It is so ordered.
Modified and remanded for entry of judgment consistent with this opinion. No costs on this appeal.