92 N.J. Super. 545 (1966)
224 A.2d 157
GERTRUDE L. McLEAN, PLAINTIFF,
v.
JOSEPH GRABOWSKI, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided November 16, 1966.
*546 Mr. Herman E. Dultz, attorney for plaintiff.
Mr. Ralph Yacavino for defendant. (Mr. Frank A. Palmicri, attorney).
CONSODINE, J.C.C. (temporarily assigned).
By motion the inherent power of Chancery is challenged.
Suit for custody and support of the children of the marriage of the parties disclosed that plaintiff had secured a one-day Alabama divorce in which suit defendant filed an appearance through his wife. Plaintiff returned to the marital domicile from Alabama. She remained there several months and then married. Defendant counterclaimed to void the divorce decree and for divorce on the ground of adultery. At this stage the parties settled their differences and plaintiff requested a dismissal of the suit.
The court, faced with these facts, on its own motion and after refusing dismissal appointed counsel in the framework of this case to contest the validity of plaintiff's Alabama divorce, in preservation of "the State's interest in the maintenance of the matrimonial relationship, repeatedly stressed in our decisions as fundamental in our public policy * * *." Loeb v. Loeb, 91 N.J. Super. 333, 335 (App. Div. 1966) modifying 89 N.J. Super. 568 (Ch. Div. 1966); certification granted 48 N.J. 144 (1966).
*547 This action of the court is predicated on a long line of our cases to the effect that:
"It has been well said that in the granting of divorces the state, as well as the parties, is interested, and that the public is represented by what is called `the conscience of the court' and a judicial investigation of all such cases, particularly when they are ex parte should be pursued with the utmost vigilance for the purpose of determining the bona fides of the application." Griffiths v. Griffiths, 69 N.J. Eq. 689, 691 (Ch. Div. 1905).
See also, Duerner v. Duerner, 142 N.J. Eq. 759 (E. & A. 1948); Schlemn v. Schlemn, 31 N.J. 557, 585 (1960) (dissent by Francis, J.) 11 N.J. Practice, (Herr, Lodge, Marriage, Divorce and Separation) § 1064, pp. 338-340 (1963).
New Jersey is not alone in the doctrine of Griffiths v. Griffiths, supra. It has been repeatedly declared that the State is a third party to every divorce proceeding and has a definite interest in guarding against the granting of divorces except in instances clearly within the statutory authority. The State, moreover, has exclusive control of the matrimonial status of those domiciled within its borders, and may unquestionably dictate the grounds, and the only grounds, upon which that status may be terminated. 1 Nelson, Divorce and Annulment (2d. Ed. 1945), § 1.07 p. 15.
The public interest has been well bespoken in Maynard v. Hill, 125 U.S. 190, 8 Sup. Ct. Rep. 723, 31 L.ed. 654, (1888):
"Other contracts may be modified, restricted, or enlarged, or entirely released, upon the consent of the parties. Not so with marriage. The relation once formed, the law steps in and holds the parties to various obligations and liabilities. It is an institution in the maintenance of which, in its purity, the public is deeply interested, for it is the foundation of the family and of society, without which there would be neither civilization nor progress."
And in 2 Bishop, Marriage, Divorce and Separation, § 496, pp. 663 and 664 (1891), that eminent authority wrote that the court establishes the justice of the complaint as between the parties and the community; that the unique position of *548 the public sometimes embarrasses the court which does not ordinarily appear by counsel and that the public good, which suffers from every dishonest divorce and from every one not as well within the spirit of the statute as to its terms, must not be sacrificed. A pertinent quotation therein is:
"* * * and the court may, and to satisfy its conscience sometimes does, of its own motion, go into the investigation of facts not contested by pleadings." (at p. 663)
I conclude that this court on the facts present in this case, has inherent investigatory power (not dependent on any statute, e.g. L. 1907, c 216, § 18; N.J.S. 2:50-17, as amended L. 1948, c. 320, § 14), for the reasons stated herein. As a corollary thereto it may in its discretion, the need being shown or apparent, appoint counsel to represent interests of the State by active participation in the proceeding as a party.
In the instant case defendant, who strenuously argued the invalidity of the Alabama divorce, now argues that it is none of the concern of this court. In the meantime, however, plaintiff is living in an adulterous and bigamous relationship contrary to public morals and the public good, and defendant may well feel free to enter into such a promiscuous relationship premised in part, at least, on non-action of this court.
The motion to vacate the action of this court is denied.