## ANNA M. NEELY v. HARMER NEELY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued October 30, 1889—Affirmed at Bar.*

Where, from the testimony presented on the hearing of a libel for a divorce filed by the wife, charging wilful and malicious desertion etc. by the husband, the fair inference is that the respondent was taken away by his brothers and sister because he was sick; that he had not wilfully refused to support his family, but rather, that he was unable to do so, the prayer of the libellant should be refused.

---

\* Where cases are decided on the argument at bar, as were this case and the two immediately preceding it, it is difficult to avoid overlooking them until it is too late to insert them at their proper places.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 132 October Term 1889, Sup. Ct.; court below, No. 116
January. Term 1889.

On October 27, 1889, Anna May Neely, by her next friend,
filed a libel for divorce a vinculo matrimonii. Testimony taken
before an examiner having been considered, the court, WHITE,
J., filed the following opinion and decree:

The divorce is asked for on the ground of desertion. The
act of assembly says, " wilful and malicious desertion and ab-
sence from the habitation of the other without a reasonable
cause for two years." The evidence does not establish such a
case. It does not even raise a presumption that his going
away with his sister was a " wilful and malicious desertion."
The fair inference from the testimony is that he was taken
away by his sister and brothers because he was sick. Nor
does it appear that he has wilfully refused to support his fam-
ily; rather, that he is sickly and unable to do so. Sickness or
inability to support the wife is no ground for divorce. The
very meagre and indefinite character of the testimony confirms
the view that it was not a " wilful and malicious desertion
. . . . . without a reasonable cause."

And now, February 27, 1889, this cause came on to be heard,
and upon consideration thereof decree of divorce is refused and
case dismissed at costs of libellant.

Thereupon the libellant took this appeal, specifying that the
court erred: 1. In finding that the desertion of the libellant
by the respondent was not a wilful and malicious desertion.
2. In refusing the libellant a decree of divorce.

*Mr. Henry A. Davis,* for the appellant.

There was no appearance for the respondent.

PER CURIAM:
On the argument at Bar,

Judgment affirmed.