LORETTA MAY PICKLES *vs.* STANLEY HOWARTH PICKLES, JR.

FEBRUARY 18, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is a petition for *certiorari* to the superior court to send and certify to this court its records relating to the entry of a final decree of divorce in a certain petition for divorce No. 39851, entitled *Loretta May Pickles* v. *Stanley Howarth Pickles, Jr.,* to the end that so much of said records as may be found to be illegal may be quashed. We duly issued our writ of *certiorari* and the superior court has complied therewith by sending and certifying such records for our inspection.

Those records show that the petitioner filed in that court

on November 18, 1942, the above-mentioned petition for divorce and that, on February 12, 1943, respondent filed a cross-petition. Those petitions were heard by a justice of the superior court on May 12, 1943. Petitioner's petition was granted on the ground of respondent's extreme cruelty and a written decision to that effect was entered as an order of the court on that date. No action was expressly taken on respondent's cross-petition, but it must be considered as impliedly denied and dismissed.

More than six months after entry of the above decision, respondent moved in the superior court for the entry of final decree. On December 6, 1943, this motion was heard and granted over petitioner's objection and despite her request made from the witness stand that she be allowed two or three days in which to decide whether to withdraw her petition or consent to the entry of final decree. On December 8, 1943, she filed in this court the instant petition accompanied by an affidavit in which she expressly objects to the entry of a final decree of divorce and asks leave to withdraw her petition for divorce.

Petitioner contends that the action of the superior court was illegal and void, first, because it exceeded its jurisdiction and, second, because it erred in granting respondent's motion, over her objection, and without granting her request for time to consider whether to withdraw her petition for divorce. In support of her contentions she cites *McLaughlin* v. *McLaughlin*, 44 R. I. 429.

Respondent argues that the instant case is unlike the *McLaughlin* case on its facts, in that the petitioner there moved to discontinue her petition for divorce before the expiration of six months following the decision in her favor. He also argues that that case should not be followed because it is not sound and is not consistent with the intention of the legislature in enacting general laws 1938, chapter 416, §19, which reads as follows: "After final decree for divorce from the bond of marriage either party may marry again; but no decree for such divorce shall become final and operative

until 6 months after the trial and decision." He contends that the intent and purpose of that section were to afford the parties a reasonable time for reconciliation, and that after the lapse of six months without such reconciliation, or perhaps condonation, the divorce became final by operation of the statute. While he does not expressly say so, he is impliedly asking us to overrule the *McLaughlin* case.

We are of the opinion that we ought to review now by *certiorari* the superior court's decision, not on the alleged ground that it exceeded its jurisdiction, but on the petitioner's other ground that she has no other adequate remedy to review the alleged error committed by that court in the exercise of its jurisdiction. Were the petitioner left to the usual method of review of such alleged error, great and irreparable harm might occur to her for the reasons stated in the *McLaughlin* case.

This case is, on its facts, essentially like the *McLaughlin* case. The difference pointed out by the respondent is not important. The essence of the *McLaughlin* case is that the guilty party in divorce is not entitled to move for entry of final decree and to have such decree entered, merely because of the lapse of the period of six months, but that the most to which such party is entitled is to move that the prevailing party be required "after a reasonable time, either to consent to the entry of a final decree or to withdraw the petition for divorce." Whether the prevailing party has or has not filed within the period of six months a motion to discontinue the petition for divorce is, therefore, of no consequence. The important fact made crystal clear by that decision is that, whenever the court entertains a motion filed by the guilty party for entry of final decree, the prevailing party must be accorded a reasonable opportunity to consent to the entry of final decree or to withdraw the petition for divorce.

We are of the opinion that the instant case is squarely ruled by the *McLaughlin* case. That case is not at all inconsistent with the intent of §19. ·If respondent's construc-

tion of that statute were correct, a divorce would become final by the lapse of time set out in the statute and the entry of final decree thereafter would be no more than a clerical formality. Indeed, it would not only amount to providing a period of six months for reconciliation but it would strictly limit the time for reconciliation to six months. A correct construction of this statute is that it is a legislative check or prohibition on any dissolution of the marriage tie before the expiration of six months and that thereafter it is for the prevailing party to say whether such dissolution shall be finally decreed. Such a construction consists with the often declared policy of the state to preserve, if possible, the marital union rather than to expedite its dissolution. The *McLaughlin* case proceeds upon such a view and reprehends the view that the guilty party has a right to insist upon such dissolution. We see no reason for overruling it on the argument here.

The superior court unquestionably had jurisdiction to entertain the respondent's motion, but it erred in the exercise of such jurisdiction by denying petitioner a reasonable time within which to decide whether to withdraw her petition or consent to the entry of final decree. Since petitioner has within a reasonable time solemnly stated her choice in her affidavit, she should be allowed to withdraw her petition for divorce forthwith.

The decision of the superior court granting respondent's motion for entry of final decree is accordingly quashed, and the records certified here are ordered sent back to that court with such order indorsed thereon.

*John M. Booth,* for petitioner.

*Edward H. Ziegler,* for respondent.