## Kisner v. Kisner

*Alfred K. Hettinger*, for libellant.
*Henry Villa, guardian ad litem,* for respondent.

HENNINGER, P. J., March 28, 1949.—The parties to this divorce action were married on March 9, 1940, and lived together as man and wife until November 13, 1942, when respondent willfully and maliciously and without reasonable cause deserted libellant and never again resumed marital relations with her.

Since February 14, 1944, respondent has been a patient at the Allentown State Hospital, suffering from dementia praecox, paranoid type, with a poor prognosis. He was committed to the hospital, following an attack upon his parents and brother.

Libellant instituted this action on September 22, 1947, alleging as grounds for divorce, desertion and indignities to the person. At the hearing before the master and examiner, libellant relied upon the desertion charge and offered no testimony on the question of indignities.

The master and examiner, on the authority of Frederick v. Frederick, 47 D. & C. 265, 269, recommended dismissal of the libel because respondent voluntarily persisted in his desertion only up to the date of his commitment to the Allentown State Hospital and that there had been no voluntary persistence in desertion for two years up to that time nor since.

The master is further supported by 1 Freedman, Marriage and Divorce 648, sec. 251:

"Insanity of a respondent, occurring at any time within the two year period of alleged desertion, destroys the essential element of capacity to entertain the intent to desert."

We have been unable to find any appellate court cases which positively rule this question. There are cases that insanity, illness or other compulsion prevents one from initiating a willful and malicious desertion: Neely v. Neely, 131 Pa. 552; Landymore v. Landymore, 157 Pa. Superior Ct. 651, 655. There are cases which hold that a deserting spouse has a two-year locus penitentiae in which to seek a bona fide reconciliation, terminating a prior desertion: Neagley v. Neagley, 59 Pa. Superior Ct. 565, 571; Ward v. Ward, 117 Pa. Superior Ct. 125, 130; Reimer v. Reimer, 160 Pa. Superior Ct. 509, 512. There are cases holding that after a cause for divorce is complete, insanity thereafter of the offending spouse is no bar to the granting of the divorce: Little v. Little, 56 Pa. Superior Ct. 419, 421; Hickey v. Hickey, 138 Pa. Superior Ct. 271, 274. That principle is applied to desertion in Little v. Little, supra.

We believe that it is clearly implicit in these cases that, when an offending spouse is, without his own fault or will, deprived of the opportunity to exercise his right of return during the penitential period, he has not *persisted* in desertion: Frederick v. Frederick,

supra. It is not for us to speculate whether or not he would have exercised that right.

If libellant had cause for divorce on the grounds of indignities when respondent deserted her, then she would not have been bound to accept his return and his later insanity—unless the indignities were the fruit of a prior manifestation of his insanity—would not bar a divorce on those grounds.

Whether or not libellant has such cause for divorce, we cannot say. We shall give her an opportunity to present her testimony on those grounds, if she sees fit to do so.

Now, March 28, 1949, libellant's exceptions to the master's report in within action in divorce are dismissed and the matter is referred back to the master to receive and consider such testimony as may be pertinent relating to the charge of indignities to the person.