McElroy *v.* McElroy, Appellant.

Argued November 11, 1957.   Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louis T. Katusin,* for appellant.

*J. L. LaVictorie,* for appellee.

OPINION BY WRIGHT, J., January 21, 1958:

In this divorce action the complaint of the husband, as amended, alleged desertion by the wife on October 14, 1948. In his well prepared and persuasive report the master recommended that the complaint be dismissed. The court below sustained the husband's exceptions and entered a final decree. This appeal on behalf of the wife followed.

Philip C. McElroy and Emma Marie Kean were married on September 8, 1932, and established their residence at 204 Fifty-fourth Street in the City of Pittsburgh. They have two adult children. The marriage was apparently uneventful until the summer of 1948. At that time the wife was in ill health and receiving medical attention for a nervous disorder. On August 8, 1948, having threatened to commit suicide, the wife was committed to the mental department of St. Francis Hospital where she remained as a patient until September 13, 1948. On October 14, 1948, while the husband was at work, the wife went to the residence of her mother, also in the Pittsburgh district, leaving her son, then aged twelve, alone in the home. On or about January 13, 1949, the wife returned to the home and an argument with the husband ensued as a result of which the wife was committed to Mayview State Hospital. She remained as a patient in that institution undergoing, inter alia, shock treatments until May 16, 1952. She has been cared for since at the home of her mother. In October, 1953, as a result of an action in the county court, the husband was ordered to pay $60.00 a month for the support of the wife. He admitted that during the previous five year period he

had given her only $100.00. He is also in arrears in his payments under the existing order.

Proof of the fact that a husband and wife are living separate and apart from each other does not establish desertion. The Divorce Law expressly provides that the innocent and injured spouse may obtain a divorce if the other spouse (italics supplied) "shall have committed *wilful* and *malicious* desertion, and absence from the habitation . . . for and during the term and space of two years". Act of 1929, P. L. 1237, section 10, 23 P.S. 10. In the case at bar we are in entire agreement with the position of the master that, because of the wife's mental condition, the alleged desertion was not wilful and malicious. Set forth in the footnote[1] is the master's observation in connection with the wife's testimony. See *Smith v. Smith,* 157 Pa. Superior Ct. 582, 43 A. 2d 371.

It should be noted that the learned judge of the court below did not adopt the husband's contention that there was desertion as of October 14, 1948, but took the position that "there is no excuse for her absence from the plaintiff's home from May 16, 1952 until the date of the hearing on July 14, 1954, a period of more than two years". We cannot sustain such a

---

[1] "The next witness placed on the stand was the defendant. Your Master had the opportunity of observing this witness both on the stand and while she was in the hearing room. She appeared to be a person completely unaffected by either having to appear as a witness in a hearing or by the importance of the issue that was involved. Towards her husband, the plaintiff, she showed no animosity nor feeling of any kind nor did she show any feeling in regard to any matter in connection with the hearing. She was expressionless during all the period she was in the hearing room and while she was a witness, and was a most difficult witness to be questioned. On the stand, the defendant appeared to be in ill health and her answers to questions frequently directed to her were rather unintelligible or unresponsive".

conclusion. As a matter of fact, while she was physically released from Mayview State Hospital on May 16, 1952, the wife was still undergoing treatment and was not finally discharged until one year later. The record clearly discloses that the separation in the instant case is a result of the wife's ill health and therefore does not constitute grounds for divorce. See *Moyer v. Moyer*, 181 Pa. Superior Ct. 400, 124 A. 2d 632.[2]

It is our duty to make an independent investigation of the evidence in order to determine whether in truth it does establish a legal cause for divorce: *Dash v. Dash*, 357 Pa. 125, 53 A. 2d 89. While we are not concluded thereby, the master's appraisal of the testimony is entitled to the fullest consideration especially when, as in the instant case, his report presents a searching analysis: *Wieber v. Wieber*, 175 Pa. Superior Ct. 533, 106 A. 2d 854. See also *Williams v. Williams*, 180 Pa. Superior Ct. 114, 118 A. 2d 591. The Commonwealth is a party to all divorce proceedings and a decree of divorce must be founded upon compelling reasons, and upon evidence that is clear and convincing: *Wasson v. Wasson*, 176 Pa. Superior Ct. 534, 108 A. 2d 836. See also *Glass v. Glass*, 164 Pa. Superior Ct. 118, 63 A. 2d 696. In the case at bar the husband has entirely failed to convince us by clear and sufficient evidence that the wife committed wilful and malicious desertion. See *Davis v. Davis*, 156 Pa. Superior Ct. 342, 40 A. 2d 144.

---

[2] Other cases to the same effect are: *Neely v. Neely*, 131 Pa. 552, 20 A. 311; *Fawcett v. Fawcett*, 159 Pa. Superior Ct. 185, 48 A. 2d 23; *Stinson v. Stinson*, 163 Pa. Superior Ct. 497, 63 A. 2d 413; *Stewart v. Stewart*, 171 Pa. Superior Ct. 218, 90 A. 2d 402; *Schwarzkopf v. Schwarzkopf*, 176 Pa. Superior Ct. 441, 107 A. 2d 610; *Albrecht v. Albrecht*, 176 Pa. Superior Ct. 626, 109 A. 2d 209; *Barnes v. Barnes*, 181 Pa. Superior Ct. 427, 124 A. 2d 646.

The decree of the court below is reversed, and the complaint in divorce is dismissed.