## Miterko, Appellant, *v.* Jeddo-Highland Coal Company

Argued March 5, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Louis G. Feldmann,* for appellant.

*John H. Bigelow,* for appellee.

OPINION BY WOODSIDE, J., July 3, 1963:

This is a workmen's compensation case in which the sole question is whether the widow of a covered employe killed in the course of his employment "was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support." See §307 of The Workmen's Compensation Act, as amended, 77 P.S. §562.

This is a question of fact for the board. We have carefully reviewed the evidence and conclude that un-

der it the board could decide either for or against the widow-claimant on this point. It found against her. In doing so, however, it applied an erroneous rule of law which goes to the heart of the decision. We have no way of determining whether the board would have come to the same conclusion had it applied the correct rule.

The board indicated that it based its determination on a finding that the decedent's domicile was not at the domicile of the widow. It relied on the definitions of domicile set forth in *Lesker Case,* 377 Pa. 411, 105 A. 2d 376 (1954). The *Lesker Case* involved a nomination petition and fully set forth the rules for determining residence and domicile under the election laws. We are of the opinion, however, that "living with" as used in §307 of The Workmen's Compensation Act, supra, and "mutual domiciles" do not necessarily have the same meaning. It is true, of course, that generally persons who do not have mutual domiciles are not living together but, inasmuch as this is not always true, the board applied the wrong test to the facts. It should have applied the tests set forth in interpreting §307, supra, in *Sheaffer v. Penn Dairies, Inc.,* 161 Pa. Superior Ct. 583, 56 A. 2d 368 (1948), and *Icenhour v. Freedom Oil Works Co.,* 136 Pa. Superior Ct. 318, 7 A. 2d 152 (1939); 145 Pa. Superior Ct. 168, 20 A. 2d 817 (1941). Had the board applied the principles expressed in these cases dealing with §307, supra, it might have come to a different conclusion or it may have come to the same conclusion. As we have no way of determining what it would have found, we must return the record to the board in order that it may apply the correct test to the evidence which it believes.

. The judgment is vacated, and the record is remitted to the court with directions to remand it to the board for further consideration and determination not inconsistent with this opinion.