## Mirarchi, Appellant, *v.* Mirarchi.

Argued September 19, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

54

*Vincent B. Makowski,* with him *Lark, Makowski & Marateck,* for appellant.

No oral argument was made nor brief submitted for appellee.

OPINION BY HOFFMAN, J., November 16, 1973:

This appeal presents the novel question of whether a defendant may have a divorce decree entered against himself contrary to the wishes of the party favored by the master.

On January 11, 1971, the appellant, Irene Mirarchi, filed a Complaint in Divorce in the Court of Common Pleas of Northumberland County. Defendant was personally served with the Complaint, and took no action whatsoever. On March 20, 1971, a hearing was held before the master, at which defendant neither appeared nor was represented by counsel. The master then filed his report with the Prothonotary, recommending that a decree of divorce be granted the plaintiff. A notice of the filing of the report was sent to each of the parties stating that "unless exceptions are filed by either of you within ten (10) days from the filing thereof the same will be presented to the Court to enter a final decree in accordance with the recommendation of the master." There were no exceptions to the report by either party.

On September 20, 1971, counsel for the defendant removed the divorce file from the office of the Prothonotary, and asked the Court to issue the final decree.

On the same day, the lower court granted counsel's motion and signed the decree divorcing plaintiff and defendant. Upon receiving notice of the Court's action, plaintiff immediately filed a petition for a rule to show cause why the decree should not be vacated or in the alternative be opened. Following a hearing, the lower court dismissed the rule. This appeal followed.

This is a case of first impression in this Commonwealth. We have found no appellate decision which has considered the issue. We do believe, however, that well-established principles of our divorce law do not permit such a holding.

The appellee, defendant below, calls our attention to the local rule of court, Rule N. C. P. 113.5(f), which provides, in part: "If no exceptions are filed to the report by the master within ten (10) days after the report is filed in the office of the Prothonotary, counsel for the parties shall present the report to the Court..." Appellee contends that this Rule permits either party, through his appointed counsel, to present the divorce file to the Court for final decree.

It has always been the law that the party seeking a divorce will not be granted a dissolution of the marriage unless he or she is "an innocent and injured spouse." See, 23 P.S. §10; *Shoemaker v. Shoemaker*, 199 Pa. Superior Ct. 61, 184 A. 2d 282 (1962). While our divorce law provides a complete procedure for the determination of divorce actions, overriding this is the basic interest in the State to preserve the marital unit. As we said in *Bonomo v. Bonomo*, 123 Pa. Superior Ct. 451, 454, 187 A. 222 (1936), "Marriage is a relation in which the public is deeply interested and is subject to dissolution only for the causes sanctioned by law. Judgment by default or pro confesso does not apply to an action in divorce, as proof of the cause is required to convince not only the court of common pleas, but also the appellate courts, who, on their inde-

pendent judgment, must find that a cause has been established. Accordingly, the Commonwealth is always the unnamed third party to a divorce proceeding . . ." See also, *Teriberry v. Teriberry*, 210 Pa. Superior Ct. 54, 232 A. 2d 201 (1967).

It is clearly the policy of this State, as it is in other jurisdictions, that the party seeking to break the marital bonds establish his case by "clear and convincing" evidence and should only be granted "upon compelling reasons". *McElroy v. McElroy*, 185 Pa. Superior Ct. 78, 81, 138 A. 2d 299 (1958).

At this point, we have not adopted a "no-fault" view towards divorce. As such, we must ask whether the party seeking the divorce decree was "an innocent and injured spouse" and presented "compelling reasons" to terminate the marriage. In this case, the plaintiff brought the action. She did not, however, choose to make demand for the decree which would have terminated the marital relationship. Instead, it is the defendant, against whom the decree would lie, who so demands. The recommendation of the master to grant a divorce is predicated on findings that the plaintiff, and not the defendant, is the "innocent and injured spouse"; it is the defendant whom the master found to have created sufficient reasons for granting plaintiff a divorce. Appellee would have us hold that once the case has reached this stage of the process, merely awaiting final judgment and decree, plaintiff may no longer seek reconciliation should the defendant now wish to enforce the judgment.

This, appellee argues, is justified by the local rule of court which reads that the file may be presented to the Court by "counsel for the parties". This interpretation of the law is simply not supported by the public policy of this State. The effect of it would be to permit a defendant, who is the "wrongdoer" in the relationship, to obtain a divorce, despite the fact that he is

not the "innocent and injured spouse" according to the law. Despite the ambiguity in the local rule cited above, we believe that only counsel for the plaintiff may so petition the Court. We are persuaded by Judge of the Third Circuit Court of Appeals, formerly Professor FREEDMAN's treatise on Law of Marriage and Divorce in Pennsylvania, §657, p. 1275, wherein he declares: "The rule, from its very nature, cannot be entered at the instance of the defendant. Regardless of the wording of the rule of court, public policy forbids in any case that a defendant shall move for the final decree of divorce against himself." Courts at the common pleas level have likewise refused to permit a defendant, to secure a decree. The defendant is the movant seeking the issuance of the decree and "while technically against himself, in reality [is] for his own interest." *Seltzer v. Seltzer*, 29 Dist. 1040, 1041-1042 (1920); *Brandt v. Brandt*, 30 Dist. 39 (1920); *Kellner v. Kellner*, 37 D. & C. 211 (1940).

Other jurisdictions have vacated decrees entered at the instance of the defendant. *Van De Ryt v. Van De Ryt*, 6 Ohio St. 2d 31, 16 A.L.R. 3d 271 (1966); *Iovino v. Iovino*, 58 N.J. Super. 138, 155 A. 2d 578 (1959); *Vinyard v. Vinyard*, 43 Del. 422, 48 A. 2d 497 (1946); *Pickles v. Pickles*, 70 R.I. 13, 36 A. 2d 110 (1944). The language in *Vinyard*, supra at 500, is strikingly appropriate to the issues in the instant appeal: ". . . [I]t is difficult to see how he [the defendant] has any personal rights to be affected. To say that the guilty party in a divorce action has a personal right to insist that the divorce be granted against the wishes of the innocent spouse would indeed be an innovation in the law. That is the situation here. Before the decree nisi was entered, the defendant's guilt was established to the Court's satisfaction. He made no effort to contest the action nor has he done anything to overturn the Court's findings. In view of his guilt, the option rested entire-

58

ly with the injured wife whether she would ever ask for the divorce or whether she would continue with the proceeding once it was started. To permit him now to insist upon a final decree would be to grant him a divorce indirectly when by the findings of this Court he has no right to obtain one directly."

Decree of divorce is hereby vacated.[1]

---

[1] We recognize the fact that plaintiff could theoretically sit on an interlocutory judgment and refuse to or fail to move for entry of final judgment and decree for an indefinite period of time. There may, of course, be circumstances where such a period of uncertainty could act as an unfair burden on the defendant. We, therefore, believe that should plaintiff wish to have her decree of divorce entered, she proceed to move for the Court's action. Furthermore, if she should wish to discontinue her suit, she should apply to the court for leave to discontinue. This practice, despite the general tone of Pa. R. C. P. 230(b), is fully supported by precedent. See, Freedman, Law of Marriage and Divorce in Pennsylvania, §667, p. 1286. If plaintiff should fail to do either within a reasonable period of time from the date that this opinion is filed, defendant may petition the Court to enter a judgment of *non pros.* for want of prosecution. *Esenwein v. Esenwein,* 312 Pa. 77, 79 (1933).