Workmen's Compensation Appeal Board of The Commonwealth of Pennsylvania and Leni Vukmirovic, Widow of Matthew Vukmirovic, Deceased *v.* Jones & Laughlin Steel Corporation, Appellant.

88

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

*Roy F. Walters, Jr.,* with him *Brandt, McManus, Brandt and Malone,* for appellant.

*Henry J. Albaugh,* with him *James N. Diefenderfer,* for appellees.

OPINION BY JUDGE WILKINSON, January 23, 1976:

On January 3, 1973, decedent died as a result of injuries sustained in the course of his employment by appellant. Appellant has paid burial expenses and compensation for two surviving minor children.

On December 24, 1973, appellee-claimant filed a fatal claim petition alleging she was the widow of the decedent and entitled to workmen's compensation benefits. Appellant answered that the parties' marriage terminated in divorce and that appellee-claimant was neither actually dependent on the decedent for support nor receiving from him a substantial portion of her support at the time of his death as required for compensation by Section 307 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, *as amended,* 77 P. S. §562.

After a hearing, on September 25, 1974, the referee awarded compensation, finding that, although she was not living with him, appellee-claimant remained married to and dependent on the decedent and received from him

a substantial portion of her support. Appellant sought review by the Workmen's Compensation Appeal Board which affirmed the grant of compensation, and now appeals to this Court from that adverse determination.

It is not contested that the appellee-claimant and decedent were married on July 5, 1958, in Steubenville, Ohio, and that he filed a divorce action in the Court of Common Pleas of Beaver County on July 24, 1967. Appellant contends that a final order of court terminating the bonds of matrimony as a matter of law was entered on December 20, 1967. The said order reads:

"Now, December 20, 1967, it is ordered, adjudged and decreed that a decree be entered divorcing the said Lenny Vukmirovic, the plaintiff, from the said Matthew Vukmirovic, the defendant, and from the bond of matrimony contracted with him, with the same effect as if they had never been married, or as if the said Matthew Vukmirovic were naturally dead."

The quoted order only directs that a decree be entered. In fact, the divorce decree never was entered, the reason being that the appellee-claimant's attorney refrained from seeking this final order.[1] Without the divorce decree, the marriage continued to exist until the death of the decedent.[2]

Appellant asserts that the decree was not forthcoming because costs or fees were not paid. However, it is clear that even if the husband had desired the divorce and paid the costs, he could not have secured the decree. *Mirarchi v. Mirarchi,* 226 Pa. Superior Ct. 53, 311 A.2d 698 (1973); *Kellner v. Kellner,* 37 Pa. D. & C. 211 (1940).

---

1. Counsel agree that in Beaver County, practice requires the plaintiff's attorney in a divorce case to prepare a decree and obtain the judge's signature thereon after the judge has entered an order such as the one quoted.

2. Persuasive that the December 20, 1967 order was not itself a final divorce decree is the November 13, 1973 order by Judge ROWLEY, also the author of the earlier divorce order, allowing appellee-claimant to take against decedent's will as his widow.

The defendant in a divorce proceeding cannot compel the plaintiff to proceed to have a final decree entered and in this case, the plaintiff herself would not so proceed. Thus, we must conclude that a valid marital relationship between appellee-claimant and decedent continued until his death.

Appellant additionally attacks the referee's finding of fact that the claimant was receiving a substantial portion of her support from the decedent at the time of his death. Factual determinations are to be made by the referee and may only be reversed where unsupported by substantial competent evidence. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa. Commonwealth Ct. 352, 336 A.2d 440 (1975); *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973). After a careful review of the record, including evidence as to the income of the decedent and the claimant, expenses and taxes thereof, and unrebutted testimony concerning contributions by the decedent for household expenses and child support, we cannot say the referee's findings were not supported by competent evidence.

Accordingly, we enter the following

### ORDER

Now, January 23, 1976, the order of the Workmen's Compensation Appeal Board, awarding compensation to Leni Vukmirovic and her two dependent children, is hereby affirmed.