Samuel Urso, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Thomas F. Leroy, Deceased, by Paulette, Widow, Respondents.

Argued November 2, 1978, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Ronald Ganassi,* with him *Will & Keisling,* for petitioner.

*Patrick F. McArdle,* with him *William R. Caroselli,* and *McArdle, Caroselli, Spagnolli & Beachler,* for respondents.

OPINION BY JUDGE WILKINSON, JR., December 12, 1978:

Petitioner-employer appeals an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's award of workmen's compensation benefits to the claimant-widow (claimant). We affirm.

Claimant's husband suffered a fatal injury during the course of his employment with petitioner on May 17, 1975. At the time of his death, the decedent and

claimant, who were married on May 5, 1972, had been separated for a period of 10 months. Also at the time of his death, decedent was providing claimant with $80 per month for support pursuant to a consent order filed February 11, 1975. No children were born of the marriage.

On June 27, 1975 claimant filed a fatal claim petition pursuant to Section 307 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §562. At a hearing held on November 5, 1975, the claimant testified that at the time of her husband's death her monthly income consisted of: $180 from her employment, $80 from her husband and $145 from Public Assistance for the support of a minor son; she estimated her fixed monthly expenditures for rent, utilities, food and household items at $220 per month. The referee found claimant "totally dependent" on the decedent at the time of his death. On appeal, the Board remanded to the referee for a specific finding as to whether the support payments from the decedent constituted a substantial portion of the claimant's support. At a subsequent hearing the claimant testified that the $20 per week she received from her husband was used to buy food; she also testified that prior to receiving these support payments she used public assistance benefits of $77 per month to supplement her earnings. The referee found claimant was receiving a "substantial portion of her support" from the decedent and that she was "substantially dependent" on the decedent in that the $80 per month received from him constituted "the difference between the claimant being able to provide for herself the necessities of life," and awarded benefits.

The questions raised in this appeal are whether the claimant was actually dependent upon the dece-

dent and whether she was receiving a substantial portion of her support from him at the time of his death.

Regarding the issue of dependency, our Courts have repeatedly held that this question is peculiarly one of fact for the compensation authorities to determine. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.*, 23 Pa. Commonwealth Ct. 87, 351 A.2d 333 (1976). The function of this Court on appeal is merely to determine whether or not there is substantial evidence to support the finding giving to the claimant who has prevailed below the benefit of the most favorable inferences deducible from the testimony. Moreover, it has been held that the receipt of support payments where the parties have been separated under normal circumstances constitutes a showing of dependency. *Walker v. Heavey*, 207 Pa. Superior Ct. 528, 219 A.2d 466 (1966). The petitioner contends the referee's award cannot be sustained because there was no separate finding of "actual dependency." While we appreciate the petitioner's argument that the referees' findings should be drawn with an eye toward precision and definitiveness, we are not persuaded that in this case the referee has failed to make his findings perfectly clear. Following the first hearing the referee found "total" dependency, which we would equate with "actual dependency" as required by Section 307. The remand hearing ordered by the Board was solely for the purpose of whether this dependency in fact resulted in the decedent supplying a substantial portion of the claimant's support. The referee found for the claimant with regard to both elements, specifically concluding the claimant was "substantially dependent" upon the support provided by the decedent. As was stated by our Superior Court in *Walker v. Aluminum Co. of America*, 185 Pa. Superior Ct. 355, 358, 138 A.2d 197, 199 (1958), "The receipt of support by the wife where

the parties are separated indicates dependency under ordinary circumstances." Petitioner has pointed to no "extraordinary" circumstances which would take this case outside the general rule.

With respect to whether claimant was receiving a substantial portion of her support from decedent, petitioner argues the facts fail to sustain the referee's findings. Petitioner relates with precision and detail the amounts claimant testified as to her income and expenses. At most this rendition of claimant's financial status indicates that she was living within her means which were meager by most standards. Supplementing this accounting was claimant's testimony that she depended on the small amount of support provided by the decedent to provide food and other household items each month. This testimony constituted competent, credible evidence upon which the referee could base his finding that the support provided by the decedent supplied claimant with the "necessities of life." Such a finding was all that was necessary to conclude that the decedent was providing claimant with a substantial portion of her support within the meaning of Section 307 of the Act. *See Walker, supra.*

Finally, petitioner suggests that it is *contra* the purpose of the Act intended to compensate for the loss of wages to award compensation of $127.45 a week where the loss has been a support order of $20 a week. It is sufficient to note that by virtue of Section 307 the legislature has provided otherwise.

Accordingly, we will enter the following

ORDER

AND Now, December 12, 1978, the order of the Workmen's Compensation Appeal Board, at No. A-73157, dated September 29, 1977, is hereby affirmed and it is directed that judgment be entered in favor

of the claimant, Paulette LeRoy, and against the petitioner, Samuel Urso, in the amount of $127.45 per week beginning May 17, 1975 and continuing in the future within the terms of the Act, with interest payable at the rate of ten percent per annum on deferred payments of compensation. Claimant's attorney shall receive a fee of twenty percent of the past benefits due which amount shall be deducted from the benefits payable to the claimant and sent directly to William R. Caroselli, Esquire, 1100 Law & Finance Building, Pittsburgh, Pennsylvania 15219.