**E & S Fabricating & Welding Company and Rockwood Insurance Company, Petitioners v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Charlotte Rose Edmond, Respondents.**

Argued February 7, 1980, before Judges CRUM-
LISH, JR., MENCER and CRAIG, sitting as a panel of
three.

*Fred C. Trenor* of *Meyer, Darragh, Buckler,
Bebenek and Eck,* for appellant.

*Amiel B. Caramanna, Jr.,* with him *Edward J.
Tocci,* for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 2, 1980:

This is an appeal by the decedent's employer,
E & S Fabricating & Welding Company, from a deci-
sion by the Workmen's Compensation Appeal Board
(Board) to grant a widow and child benefits under
Section 307 of The Pennsylvania Workmen's Compen-
sation Act.[1] We affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562, pro-
vides in pertinent part:

No compensation shall be payable under this section to a
widow, unless *she was living with her deceased husband at*

Charlotte R. Edmond filed a fatal claim petition for benefits[2] after her husband's death on October 15, 1976. Respondent avers that she was not only living with the decedent at the time of his death, but was totally dependent upon him. Employer challenges her claim on the basis of a failure to meet either the cohabitation or the substantial dependency requirements of Section 307, in that (a) she had separate residential addresses; (b) she filed for a divorce on August 6, 1976, which was still active at the time of death; (c) she and her husband had aggregately filed for divorce in the past on four or five occasions; (d) she sought and received a reduction in rent from Columbiana Metropolitan Housing Authority on September 1, 1976; (e) she filed for Ohio welfare benefits on September 24, 1976 under the premise that her husband was not in residence or providing support; (f) she filed for and was receiving Soldiers and Sailors Relief benefits under the same conditions; and (g) the testimony of the claimant was uncorroborated.

After extended hearings, the referee concluded that respondent was entitled to benefits, based upon the following findings of fact:

23. That your Referee after careful study and review of the entire record contained in this case including the lay testimony, various letters and the welfare and court documents and in consideration of the aforementioned Findings of Fact believes and, accordingly, finds that on October 15, 1976 the decedent and the claimant were lawfully married and living together at least on a partial basis. That the decedent was

_the time of his death or was then actually dependent upon him and receiving from him a substantial portion of her support._ (Emphasis added.)

[2] Her dependent child was also joined in the petition, but that award of benefits is not at issue here.

under court order to provide support for his wife and child and, although unemployed, did take food from his parents' home to give to his family.

24.   That, accordingly, your Referee finds that prior to October 15, 1976, namely from September 3, 1976 to October 15, 1976 the decedent and the claimant lived together with the exception of three days when he stayed with his parents. That the claimant and his minor child were dependent upon the decedent although the support rendered was meager due to his inability to secure gainful employment. However, he was still under court order to pay support and alimony.

The central issue for our review[3] is whether substantial evidence[4] supports the Board's decision to affirm the referee's finding of the cohabitation and substantial dependency requisites for Section 307 eligibility.

Taking the cohabitation issue first, our courts have clearly interpreted the term "living with" from Section 307:

---

[3] On appeal from a decision of the Workmen's Compensation Appeal Board, where the party bearing the burden of proof has prevailed, the Commonwealth Court's scope of review extends to determining whether constitutional rights have been violated, errors of law committed, or necessary findings of fact unsupported by substantial evidence in the record. *Draco Development Corp. v. Workmen's Compensation Appeal Board*, 11 Pa. Commonwealth Ct. 41, 44, 312 A.2d 463, 465 (1973).

[4] Substantial evidence has been interpreted as "that evidence, including the inferences therefrom, which a reasonable man acting reasonably, might use in reaching a decision; but if a reasonable man, acting reasonably, could not have reached the decision from the evidence and its inferences, then the decision is not supported by substantial evidence and it should be set aside." *Peoples Gas Heating Co. v. Workmen's Compensation Appeal Board*, 33 Pa. Commonwealth Ct. 530, 533 n. 1, 382 A.2d 484, 486 n. 1 (1978).

'Living with' does not always import physically dwelling together in the same house. Icenhour v. Freedom Oil Works Co., 136 Pa. Superior Ct. 318, 7 A.2d 152; 145 Pa. Superior Ct. 168, 20 A.2d 817; Dietrich et al. v. Hudson Coal Co., 117 Pa. Superior Ct. 193, 177 A. 606. Whether parties are 'living with' each other is a question of fact, but it is to be determined, not by consulting only one facet of the relationship, but by inspecting the whole picture. And where it is found that for the convenience of the parties, or for some other moving and reasonable motive they dwell in separate homes without estrangement or repudiation or release of their legal obligations, and with constant recognition of the marital tie, it is no strain upon logic or credulity to find that they were 'living with' each other. Cf. Creasy v. Phoenix Utilities Co., 276 Pa. 583, 120 A. 659. For in this class of cases, we look beyond the form to the substance, from outward appearances to the realities behind them.

*Sheaffer v. Penn Dairies, Inc.*, 161 Pa. Superior Ct. 583, 585-86, 56 A.2d 368, 369 (1948). The *Scheaffer* Court approved the award to a newly wedded widow even when the couple had never actually lived under the same roof. In *Miterko v. Jeddo-Highland Coal Co.*, 201 Pa. Superior Ct. 384, 192 A.2d 421 (1963), the Court held that the Board had erroneously denied benefits on the ground that the husband and widow's domiciles were not the same. In *Walker v. Heavey*, 207 Pa. Superior Ct. 528, 219 A.2d 466 (1966), a later case bearing facts similar to those before us today, the Court deemed the term "living with" as not synonymous with mutual domicile, and reversed the denial of benefits to the widow. On the related issue of whether a martial relationship existed at the time of

death, this Court has upheld the award of benefits where the workman's widow filed divorce proceedings, and the court below ordered that a decree of divorce be entered, but where no final decree was ever sought or entered by counsel. *Workmen's Compensation Appeal Board v. Jones & Laughlin Steel Corp.*, 23 Pa. Commonwealth Ct. 87, 351 A.2d 333 (1976).

Our inclination to sustain the award is diminished by the record's revelation that appellee had on September 24, 1976, applied for Ohio welfare benefits and on September 1, 1976, applied for rent reduction to the Columbiana Metropolitan Housing Authority, alleging that decedent was *not "living with" his family.* At the very least, there is inconsistency between this part of the record, the referee's findings, and the Board's decision.

However, Section 307 contains a two-pronged eligibility test. In *Urso v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 184, 394 A.2d 1322 (1978), this Court affirmed the award of benefits on the ground that the receipt of support indicated dependency. The widow's testimony that she depended on small amounts of support, food and other household items provided each month by her husband constituted competent and credible evidence of the finding that she received "a substantial portion of her support" within the statute's meaning.

Our Courts have repeatedly held that this dependency question is peculiarly one of fact to be adjudged by the compensation authorities. *Urso v. Workmen's Compensation Appeal Board, supra,* at 187, 394 A.2d at 1323. A careful review of the record reveals substantially supported competent evidence that decedent paid portions of support and appellee's August rent, repeatedly supplied food and household items, and generally made honest efforts to provide his family with the necessities of life, upon which they were substantially dependent.

Accordingly, we

ORDER

AND NOW, this 2nd day of May, 1980, the order of the Workmen's Compensation Appeal Board, dated December 14, 1978, is hereby affirmed, and it is directed that judgment be entered in favor of Charlotte R. Edmond, and against E & S Fabricating & Welding Company, all payments to be made in accordance with the order of the Workmen's Compensation Referee, dated March 10, 1978.

Judge MENCER dissents.

President Judge BOWMAN did not participate in the decision in this case.