498 A.2d 909

**Katherine Jean Quinn LAXTON, Appellant,**

**v.**

**Frank Aubrey LAXTON, Appellee.**

**Katherine Jean Quinn LAXTON, Appellee,**

**v.**

**Frank Aubrey LAXTON, Appellant.**

Superior Court of Pennsylvania.

Argued March 20, 1985.

Filed Sept. 13, 1985.

Joseph P. Caranci, Jr., Media, for appellant (at 480).
Robert M. DiOrio, Media, for appellant (at 1617).

Before WIEAND, WATKINS and GEISZ,* JJ.

WIEAND, Judge:

Where a wife has commenced an action for divorce based on indignities to her person[1] and has obtained from the master a recommendation that she be divorced from her husband, may the court, acting on a petition by the husband, enter a decree of divorce despite the wife's opposition? This is the principal issue in this case.

On August 12, 1977, the wife commenced an action in divorce in which she alleged that her husband had been guilty of a course of conduct constituting indignities to her person. After a hearing before a Master on April 20, 1978, the Master found the wife to be an innocent and injured spouse and recommended in a report filed June 20, 1978 that a decree in divorce be entered. Thereafter, the action lay dormant until April 29, 1982, when the wife sought and was granted permission to proceed under the Divorce Code of 1980.[2] On May 6, 1982, she filed an amended complaint seeking equitable distribution, alimony, alimony pendente lite, attorney's fees, costs, and expenses. The husband filed a counterclaim seeking ancillary economic relief and requesting, inter alia, that the court grant him a divorce. On January 6, 1983, the court entered an order in the divorce action which directed the husband to pay $125.00 per week to the wife as alimony pendente lite.

On October 3, 1983, husband filed a complaint seeking a divorce under § 201(c) or § 201(d) of the Divorce Code of 1980. On February 7, 1984, the court entertained four petitions filed by the husband which requested: (1) an amendment of the caption; (2) a bifurcation of the divorce from the economic issues; (3) injunctive relief; and (4) special relief. Testimony was taken on the bifurcation

---

* The Honorable John A. Geisz, Senior Judge, of the Court of Common Pleas of Philadelphia County, is sitting by designation.

1. This action was commenced under the Divorce Law of May 2, 1929, P.L. 1237, § 1 et seq., as amended, 23 P.S. § 1 et seq. (repealed).

2. Act of April 2, 1980, P.L. 63, No. 26, § 101 et seq., 23 P.S. § 101 et seq.

request; and at the conclusion thereof, the court indicated that it would grant the petition. The court became aware also that a Master had previously recommended in the wife's earlier divorce action that a decree be entered. During a hearing the following day on the petitions for injunctive and special relief, the court stated, "I do mean that we will bifurcate and we will also direct here and now, as a follow of that, that the matter be referred to proceed to grant a final decree." (N.T. 2–8–84, at 2). Later that day, an order was entered which decreed a divorce. The decree was entered without a finding of fault on the part of husband or wife.[3] The wife appealed.

On May 17, 1984, the court found that the husband had failed to comply with the prior order directing him to pay alimony pendente lite. The arrearages, the court found, were in the amount of $1,125.00. The husband, therefore, was directed to remove $2,000.00 from an account at Iron Workers Federal and apply it on account of past and future payments of alimony pendente lite. The husband appealed from this order. Both appeals were consolidated for purposes of argument.

In an opinion filed July 24, 1984, the trial court stated its reasons for entering a decree in divorce. It recited the lengthy history of the divorce action and commented upon the wife's dilatory tactics. Relying on the broad powers

**3.** The order entered by the trial court was as follows:
1. The caption be amended to read:
"KATHERINE JEAN QUINN LAXTON, a/k/a DOLLY LAXTON, a/k/a KATHERINE J. QUINN LAXTON
– vs –
FRANCIS AUBREY LAXTON, a/k/a FRANK A. LAXTON"
2. The case is bifurcated pursuant to the Divorce Code of 1980.
3. A Final Decree in Divorce shall be entered and the matter immediately listed pursuant to Local Rule before a Special Master for resolution of all ancillary issues, including equitable distribution.
4. That the parties account for any and all marital property, whether titled in joint or individual names. . . .
5. The parties are restrained until further Order of this Court from transferring, withdrawing, removing, destroying, selling, cashing, surrendering, alienating or disposing of any marital property, whether titled in joint or individual names, including but not limited to the aforementioned.

vested in the trial court pursuant to § 401(c), the court concluded that "we have the power to enter a final Decree in Divorce when equity and justice demand.... It is because of [the wife's] deliberate inaction since June 20, 1978, that we entered a Final Decree." Trial court opinion at 6–7.

■ "When reviewing an order granting a divorce, this Court bears the responsibility for making a de novo evaluation of the record; it must decide, independently of the trial court and the Master, whether a legal cause of action in divorce exists." *McBride v. McBride,* 335 Pa.Super. 296, 298, 484 A.2d 141, 142 (1984). See also: *Jones v. Jones,* 311 Pa.Super. 407, 410–411, 457 A.2d 951, 952 (1983); *Dukmen v. Dukmen,* 278 Pa.Super. 530, 534, 420 A.2d 667, 670 (1980). Having reviewed the record in this case, we are constrained to conclude that the trial court erred when it entered a decree in divorce.

The same issue was before this Court, albeit in a pre-Divorce Code context, in *Mirarchi v. Mirarchi,* 226 Pa.Super. 53, 311 A.2d 698 (1973). There a Master had recommended that the wife be awarded a divorce, but the wife, for no apparent reason, failed to take further action. The defendant husband then sought to have the divorce entered against himself. The trial court granted the divorce. This Court reversed. In so doing, the Superior Court held that the husband could not require the entry of a decree against the wishes of the innocent spouse, for the decision to pursue the divorce action to final decree, once recommended, belonged solely to the innocent and injured spouse. *Id.,* 226 Pa.Superior Ct. at 56–58, 311 A.2d at 699–670.

■ The decision in *Mirarchi* is determinative of the issue in the instant case. The husband-defendant was not entitled to assume control of his wife's action for a fault divorce and move it forward to a final decree where his wife, the injured and innocent plaintiff, was opposed to the entry of a divorce. She and she alone could exercise control over her own action for divorce. The Divorce Code of 1980, although permitting no-fault divorces, establishes the proce-

dure by which such decrees are to be obtained. Those procedures were not followed here. They cannot be ignored or avoided under cover of Section 401(c), which grants broad discretion to a trial court to act to achieve equity and justice. The language of § 401(c) does not authorize a court to enter a divorce decree upon motion of a defendant spouse where a Master has previously recommended that the plaintiff spouse be granted a divorce on fault grounds. The court may not usurp the plaintiff's prerogative to pursue or discontinue his or her action for a fault divorce.[4]

 Because the decree of divorce must be reversed and the action remanded for further proceedings, the order granting bifurcation is moot. Bifurcation is premised upon the granting of a divorce decree. Unless and until a valid decree in divorce has been entered, there can be no equitable distribution of marital property. See: *Dech v. Dech,* 342 Pa.Super. 17, 492 A.2d 41 (1985). See also: *Mandia v. Mandia,* 341 Pa.Super. 116, 491 A.2d 177 (1985).

 The wife argues that the court erred by requiring the parties to account for all marital property. This was error, she argues, because almost a year earlier another judge of the same court had ordered the husband to account for certain enumerated property held in his name. The wife's argument is without merit. The earlier order required *the husband* to account for specific rents and payments received, certain stock activity, and various bank transactions. The order entered on February 8, 1984 required *both husband and wife* to account for all marital property. Appellant's argument that the second order was superfluous and redundant fails to acknowledge the court's concern that *both parties* had dissipated or were dissipating the marital

**4.** Although we do not condone what the trial court determined to be deliberate, dilatory behavior on the part of the wife, we observe that the parties lived together for more than six of the eight years during which the wife's action languished in the courts of Delaware County. If the wife did not choose to discontinue her action for divorce, her husband could have moved for a judgment of non pros because of her failure to prosecute the action. See: *Esenwein v. Esenwein,* 312 Pa. 77, 79, 167 A. 350, 350 (1933). *Mirarchi v. Mirarchi, supra,* 226 Pa.Super. at 58 n. 1, 311 A.2d at 700 n. 1.

estate. Therefore, the court determined that it was necessary that both parties account for marital assets. This portion of the February 8th order was neither superfluous nor improper.

■ The husband argues in his appeal that the trial court lacked jurisdiction to order payment of arrearages which had accumulated on account of the order directing payment of alimony pendente lite at the rate of $125.00 per week. After finding that the husband was in arrears in the amount of $1,125.00, the court ordered him "to remove $2,000.00 from the account he has at Iron Workers Federal. Said sum should be forwarded to attorney for [the wife], to pay the current arrears and the balance shall be applied to future alimony." Because the account at Iron Workers Federal was one of the marital assets frozen by the February 8th order and that order was the subject of an appeal to this Court, the husband argues, the trial court was without authority to order payment from that account. We disagree.

It is clear that the court had the authority to enforce its prior order for payment of alimony pendente lite. This authority was not impaired by an appeal from a separate order which, inter alia, had directed bifurcation of the divorce action and had entered a decree in divorce. See: Pa.R.A.P. 1701(b)(2). To give credence to the husband's argument would be to pave the way for interminable delay and would render courts impotent to enforce ancillary orders whenever an appeal has been filed from a separate order in a divorce action. The court also possessed the authority to direct the use of frozen assets to satisfy an outstanding debt owed by the husband to the wife. The February 8th order had provided that "[t]he parties are restrained *until further Order of this Court* from transferring, withdrawing, removing, destroying, selling, cashing, surrendering, alienating or disposing of any marital property, whether titled in joint or individual names...." (emphasis added). That order did not preclude a further court order directing the husband to use assets to satisfy an

obligation outstanding on a separate order for alimony pendente lite.

The decree in divorce is reversed and the divorce action is remanded for further proceedings. The order of May 17, 1984, which directs the payment of $2,000.00 on account of alimony pendente lite, is affirmed.