## Pietrefase v. Pietrefase

*Janet J. Siracuse,* for plaintiff.

*Peter J. Quigley,* for defendant.

O'BRIEN, *J.,* September 3, 1991—Plaintiff Elizabeth Pietrefase and defendant Leo Pietrefase were married on June 29, 1957. No children were born of the marriage. On October 10, 1990, plaintiff-wife filed a complaint for divorce alleging an irretrievable breakdown of the marriage relationship and indignities and also requesting, inter alia, equitable distribution of marital property. On February 12, 1991, defendant-husband filed an answer to the complaint and a counterclaim seeking alimony pendente lite. Defendant's counterclaim did not allege any grounds for divorce. On April 8, 1991, plaintiff-wife

filed a petition asking to discontinue the divorce action to which defendant-husband filed an answer opposing her request. On May 30, 1991, a special master appointed by the court filed an interim report recommending payment by the plaintiff to the defendant-husband of alimony pendente 'lite. Both parties filed exceptions to that recommendation. Following the submission of briefs and argument, wife's petition to discontinue the divorce action and both parties' exceptions to the recommendation for alimony pendente lite are before the court for disposition.

In her petition to discontinue the divorce action, plaintiff-wife made the following allegations, none of which were denied by the defendant-husband:

"(2) Petitioner no longer believes that the marriage is irretrievably broken and petitioner desires that marriage counseling be pursued by the parties in an effort to save the 33-year marriage.

"(3) Due to her strong religious convictions, petitioner believes that the pursuit of a divorce is inappropriate.

"(4) Petitioner will not consent to the entry of a divorce decree in light of the circumstances set forth herein."

Counsel agreed at argument that in view of the facts of this proceeding and the fact that the parties had been separated for less than a year, defendant-husband has no grounds to obtain a divorce. The plaintiff's petition makes clear that she no longer intends to pursue a claim for divorce. Thus in opposing wife's petition to discontinue her action, the defendant-husband is seeking to have the divorce entered against himself without any grounds having been established. In *Mirachi v. Mirachi*, 226 Pa. Super. 53, 311 A.2d 698 (1973), our Superior Court held that a husband could not require the

entry of a divorce decree against the wishes of the innocent spouse because the decision to pursue the divorce action to final decree belongs solely to the innocent and injured spouse. Similarly in *Lexton v. Lexton,* 345 Pa. Super. 450, 498 A.2d 909 (1985), our Superior Court held that the defendant-husband cannot assume control over a plaintiff-wife's action for divorce where the wife is opposed to the entry of the divorce decree. Clearly, therefore, plaintiff-wife's petition to discontinue her action must be granted.

Although the divorce action will be discontinued, this is not dispositive of all issues raised in the parties' exceptions to the master's recommendation for alimony pendente lite. Although the master recommended that the alimony pendente lite be effective prospectively only, the husband has excepted to this recommendation. This court has authority to require payment of alimony pendente lite retroactive to the commencement of the litigation. *Wolk v. Wolk,* 318 Pa. Super. 311, 464 A.2d 1359 (1983); *Horn v. Horn,* 388 Pa. Super. 46, 564 A.2d 995 (1989). Our Superior Court has also held that allowing a discontinuance of a divorce action may be conditioned upon the requirement to pay any arrearages due and owing for alimony pendente lite. *Quattrone v. Quattrone,* 240 Pa. Super. 619, 361 A.2d 399 (1976). Obviously plaintiff-wife would be entitled to a credit against such alimony pendente lite for any financial payments made to the defendant-husband or on his behalf during the time period such payment is required.

## DECREE

And now, September 3, 1991, it is ordered as follows:

(1) The petition of Elizabeth Pietrefase to discontinue this divorce action is granted.

(2) Plaintiff-wife's exceptions to the recommendation of the special master concerning alimony pendente lite are dismissed and defendant-husband's exceptions are sustained in part. The recommendation of the special master for alimony pendente lite is approved effective February 12, 1991, through the date of this decree.

(3) Upon compliance with the foregoing provision of this order and payment of any outstanding costs, plaintiff-wife may file a praecipe to discontinue this action of record.